328 So.2d 751 (1976)
Sandra P. ROBINSON et al.
v.
GENERAL MOTORS CORPORATION et al.
No. 7192.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1976.
Benjamin J. Birdsall, Jr., Birdsall, Alverez & Rodriguez, New Orleans, for plaintiffs-appellants.
Gordon F. Wilson, Jr., Dodge, Friend, Wilson & Spedale, New Orleans, for defendants-appellees Shirley H. Bordelon and St. Paul Fire & Marine Ins. Co.
Peter L. Bernard, Jr., Jerry L. Saporito, Bernard, Micholet & Cassisa, Metairie, for defendant-appellee General Motors Corp.
Before SAMUEL, REDMANN and SCHOTT, JJ.
REDMANN, Judge.
A jury answering "interrogatories" "award[ed]" to each of three personal injury plaintiffs the exact amount of medical expenses and, for one plaintiff, lost wages, but for each plaintiff awarded "none" as damages for pain and suffering. Plaintiffs appeal from the judgment against their host driver and her insurer for the amount of those "awards", seeking increase in quantum.
Juries have "much discretion", C.C. 1934(3), in assessing non-pecuniary damages. "The question", states Bitoun v. Landry, La.1974, 302 So.2d 278, 279, "is not whether a different award might have been more appropriate, but whether the award of the trial court can be reasonably supported by the evidence and justifiable inferences from the evidence before it."
The inferences which the jury may have made in this caseand it is not our function to agree or disagree, but only to decide their reasonable supportabilityinclude that all testimony of pain and suffering *752 was exaggerated (e.g., blood "gushing" from one plaintiff's bleeding nose, compared to the doctor's description of a "tiny laceration"), and that, for one plaintiff, actual hospitalization for 12 days (at least in part, because of a pre-existing and unaffected heart condition) and loss of wages for six weeks, and, for all plaintiffs, additional medical examinations and treatment for neck and back pains three and a half months after the accident (when all three went to the same doctor at the same time) could not fairly be attributed to the accident.
Perhaps the jury felt that by awarding the full amount of medical expenses and lost wages, including those not due to the accidenta total of $1,592 for Mrs. Pasqua, $224 for Mrs. Morrissey and $173 for the mother of nine-year-old Robinsonit was sufficiently compensating for both legitimate pecuniary losses and for pain and suffering as well. Perhaps those same amounts in a general verdict could pass muster as within the jury's much discretion, on the theory that, in effect, the jury refused much of the medical expenses and lost wages as uncaused by the accident, and included general damages of about $1,000 to Mrs. Pasqua and about $100 each to Mrs. Morrissey and young Robinson.
But we do not have a general verdict, and an award of "none" as damages for pain and suffering is not an exercise of discretion as to amount but a refusal of an award. If a jury deems missing work or incurring certain medical expenses unjustified, it may disallow those items, but it may not refuse general damages to plaintiffs with objective injuries.
Mrs. Pasqua had a broken nose and bruised chest, Mrs. Morrissey a bruised leg and lower ribs with costal condyle separation, and young Robinson a visible bump on the head, and should receive some reparation for those general damages. There is, however, no complaint of any erroneous instruction of the jury or any other impropriety which would suggest we disregard altogether the jury's discounting of plaintiffs' injuries. We therefore fix general damage awards towards the lower limits of the much discretion C.C. 1934(3) grants.
The judgment is amended to increase the award to Mrs. Pasqua by $1,000, that to Mrs. Morrissey by $750, and that to Mrs. Robinson by $100 for her child.