364 So.2d 1343 (1978)
Zaida MORA and Cynthia Ramirez
v.
AMERICAN MOTORS LEASING CORP., Greyhound Rent A Car, Marvin T. Shaffer, and Liberty Mutual Insurance Company.
No. 9543.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1978.
Orrett, Ortiz & Selenberg, Carl J. Selenberg and Neville G. Orrett, New Orleans, for plaintiffs-appellants.
Porteous, Toledano, Hainkel & Johnson, Edward J. Brandao, New Orleans, for defendants-appellees.
Before SAMUEL, GULOTTA and BEER, JJ.
SAMUEL, Judge.
This is a suit for personal injuries resulting from a rear end automobile accident which occurred on December 30, 1975. Defendants stipulated liability prior to trial. The matter was tried to a jury which, as stated in the jury's answers to interrogatories, found for plaintiff driver, Zaida Mora, in the sum of $978.40 for property damage, and "Doctor $275", and in the sum of "$220 Doctor" for Cynthia Ramirez, the plaintiff guest passenger. These were the exact amounts demanded and proved by the plaintiffs. The award of the jury was made the judgment of the court. Plaintiffs have appealed seeking an increase in quantum.
Appellants contend they are entitled to an award for personal injuries over and above that for medical expense. They rely on the cases of Schexnayder v. Carpenter, La., 346 So.2d 196, Coco v. Winston Industries, Inc., La., 341 So.2d 332, Moss v. Security National Insurance Company, La.App., 350 So.2d 247, and Robinson v. General Motors Corporation, La.App., 328 So.2d 751, to support their claim that a jury may not refuse general damages to plaintiffs with objective injuries. We agree that the plaintiffs offered sufficient proof of objective signs of injury (the testimony of plaintiffs' treating physician, the only medical evidence adduced, is that he found muscle spasm and administered treatment as stated infra in this opinion) and that some *1344 award should have been made in addition to the medical expenses.
As this court stated at page 752 in the case of Robinson v. General Motors Corporation, cited supra, "Perhaps the jury felt that by awarding the full amount of medical expenses . . . it was sufficiently compensating for both legitimate pecuniary losses and for pain and suffering as well.. . .
But we do not have a general verdict,. . . It may not refuse general damages to plaintiffs with objective injuries."
Relative to Mrs. Mora's injuries, she hurt her neck, back and chest. She struck the steering wheel of the vehicle. She called her family physician that evening and went to see him several days later. Dr. Figueroa, her family physician, testified that she was first seen by him on January 6, 1976 with complaints relating to the neck, chest and lower back. He performed examinations in those areas and found a 25% deficiency of motion in the cervical area and spasms in the right paraspinous muscles. He found no bruises in the chest area where she hit the steering wheel, but on palpation she complained it was tender. In the lower back area the doctor found a 50% limitation of range and spasm along the left paravertebral muscle and tenderness of the lumbosacral spine. He diagnosed her injuries as acute strain of the cervical spine, contusion of the lower rib cage, and acute strain of the lumbosacral spine.
Heat treatments were recommended and performed in his office January 9, 12, 14, 19, 22, 26, 30, and February 4, 1976. The doctor examined her again on February 9, at which time she was feeling better but still had pain in the lower back. Heat treatments were continued and medication was prescribed. She was seen again February 23, March 4, and discharged in satisfactory ("not perfect") condition on April 2, 1976.
Mrs. Ramirez hit her head on the windshield and slid to the floor as a result of the accident. She telephoned Dr. Figueroa, her family physician, that evening and also saw him several days later. At that time the doctor, according to his testimony, performed a routine orthopedic examination and found a 25% decrease in motion of the cervical spine. He noted pain and spasm of the left paraspinous muscle and tenderness along the right side of the spine and tenderness in a portion of the dorsal spine. Treatment consisted of tablets which combine muscle relaxants with analgesics, and heat treatment was recommended. He diagnosed her injury as acute strain of the cervical spine. She was seen by him on two other occasions, February 4, and March 10, 1976, at which time she still had pain in the mid back and pain "on and off" in the back of the neck. She was discharged on April 2, 1976.
We are of the opinion that an award of $750 is reasonable for the injuries sustained by Mrs. Mora. We are of the further opinion that Mrs. Ramirez's injuries were less severe and thus an award of $500 is adequate compensation. Thus, we raise the awards to the lowest point we feel is reasonable within the discretion afforded the trial court.
For the reasons assigned, it is ordered that the judgment appealed from be amended to increase the award to plaintiff, Zaida Mora, by the sum of $750, and increase the award to plaintiff, Cynthia Ramirez, by the sum of $500. As thus amended and in all other respects, the judgment appealed from is affirmed.
AMENDED AND AFFIRMED.
BEER, J., concurring with written reasons.
BEER, Judge, concurring.
A plaintiff's verdict which awards special damages including medical bills should not, a fortiori, require an award for general damages. It would be quite in order for a jury, finding liability, to reimburse a plaintiff for medical expenses (and, of course, other items of special damages) without finding that he is entitled to any general damages at all. Indeed, this would be the entirely correct result if the jury believed *1345 that the plaintiff, in spite of having been seen by a physician, was not actually injured. Furthermore, I do not believe that payment of a medical bill that includes some minimal "heat treatments" and the like necessarily requires any change in this position.
However, in this particular case, I agree with my brothers who are of the view that the record uncontrovertedly supports a conclusion that each of these ladies wasthough minimally in each instanceactually injured.
Had the record not uncontestedly supported this conclusion, I would definitely vote to affirm and feel obliged, therefore, to make these qualifying observations.