367 So.2d 1314 (1979)
Lawrence ROY et al.
v.
James D. SCHNEIDER et al.
No. 9799.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1979.
*1315 J. Terrell Heath, New Orleans, for plaintiffs-appellants.
David M. Packard, New Orleans, for defendants-appellees.
Murphy & Simon, David T. Bowman, New Orleans, for third party defendant-appellee, Lawrence Roy.
Before SAMUEL, LEMMON and SCHOTT, JJ.
LEMMON, Judge.
The appeal by plaintiffs in this automobile accident case questions the jury verdict as to (1) the finding that plaintiff-driver Nancy Roy was concurrently negligent with defendant-driver James Schneider in causing the collision and (2) the adequacy of the award to plaintiff-passenger Alfrieda Tardieff. Since the judgment also granted Schneider's third party demand for contribution against Mr. and Mrs. Roy, the Roys' appeal also raises the issue of the propriety of the judgment on the third party demand.
Liability
The mid-morning accident occurred on a clear, dry day on the Service Road of the Westbank Expressway in Gretna, near the Oakwood Shopping Center. The following sketch has been compiled from information in photographs and testimony in order to facilitate explanation of the positions of the two vehicles prior to the movements which resulted in the accident:
 Diametrically opposed versions of the facts leading up to the accident were related by the two drivers.
Mrs. Roy testified: She had stopped for a red light and was first in line in the left lane. After the light turned to green, she started off, intending to cross the Expressway completely and to turn left onto the Service Road. (A motorist could not go straight after crossing the Expressway, but had to turn left or right onto the Service Road.) About the time she reached the traffic island on the Oakwood edge of the Expressway and was beginning the curving maneuver into a left turn, Schneider (who had been stopped for a stop sign) pulled out directly into her path. She attempted to blow her horn and apply her brakes, but could not avoid a collision. The front of her car struck Schneider's left front door.
Mrs. Roy's version was completely corroborated by the testimony of Mrs. Tardieff, the passenger.
On the other hand, Schneider testified: He was driving toward the New Orleans bridge on the Service Road and had stopped for the stop sign, intending to make a left turn and to cross the Expressway. He waited at the stop sign, because two or three cars were stopped near the traffic island, and since there was no room for his car at the island, he could not move from the stopped position without blocking the path of traffic coming from the Expressway onto the Service Road. The distance from the stop sign to the island was about 30 feet. After the light turned to green a motorist behind him blew the horn, and he moved forward slowly. He first saw Mrs. Roy "(s)hortly after I left the stop sign and *1316 I expected her to come to a stop, because I was in a moving line of cars and I kept watching her, and when she didn't come to a stop, I was amazed, so I came to a stop myself." When he brought his car to a complete stop, Mrs. Roy also "came to a complete stop within about twelve inches of my driver's side door, and then eased into the side of my car". (Emphasis supplied)
Schneider's own testimony convicts him of negligence. If he was moving continuously (until just before the impact) over the 30-foot space between the stop sign and the traffic island, he clearly violated Mrs. Roy's right of way by entering her path without affording her adequate opportunity to avoid a collision. Schneider's moving from the stop sign at a time when it was obviously unsafe to do so was therefore a legal cause of the accident.
Defendants argue, however, that Mrs. Roy was contributorily negligent because the jury rejected her version, probably on the basis of her testimony that she was traveling 20 to 25 miles per hour at impact, a fact belied by expert evidence that the force of impact was only about two miles per hour.[1]
A fair reading of Mrs. Roy's testimony suggests that she estimated she attained a speed of roughly 20 to 25 miles per hour while crossing the expressway and was not sure whether her attempted braking had taken effect prior to impact. However, even if the jury rejected her entire testimony on the basis of this possible mistake about speed at impact, the penalty for unaccepted testimony is not automatic liability; rejected testimony is simply accorded no weight.
Defendants had the burden of proving Mrs. Roy's negligence. If Mrs. Roy's testimony is disregarded, the remaining testimony nevertheless fails to establish negligence on her part. Schneider's own testimony indicates Mrs. Roy was faced with a sudden emergency of his making and establishes at best that she almost avoided the consequences of the emergency he created by successful braking, with only a slight impact resulting.
This record does not provide support for the jury's finding of negligence on Mrs. Roy's part, and that finding is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Mrs. Tardieff's Damages
After the September 24, 1976 accident Mrs. Tardieff consulted Dr. L. J. Clanton on October 1. He found a slight contusion of the rib cage and spasm, tenderness and motion limitation of the lumbar spine. He prescribed medication, bed rest, heat applications and physical therapy. She responded well to treatment so that by mid-November the rib contusion had completely resolved, and there was only slight spasm and slight limitation of motion of the lumbar area, which continued through December. On January 14, 1977 she was asymptomatic and was discharged.
She did not miss any work as a cashier in a department store. Her total medical bill was $340.00, including $35.00 for a medical report (making net recoverable expenses of $305.00).
The jury rendered a general verdict of $305.00. Since this was the exact amount of recoverable medical expenses (and the jury was instructed that the charge for the medical report was not recoverable), plaintiffs argue the jury erred in failing to grant any award for pain and suffering. On the other hand, defendants contend that the lump sum jury award can reasonably be construed as representing a finding by the jury that all of the medical expenses were not necessitated by the accident, so that the total award represented part of the medical expenses, plus an amount for pain and suffering.
*1317 When a jury award is itemized by the use of special interrogatories directed to each item of damage claimed, the appellate court separately reviews the evidence as to each item and may correct an error as to any item, without regard to the correctness or error as to any other item of damage. Blancher v. Samuels, 354 So.2d 213 (La.App. 4th Cir. 1977), cert. den. 355 So.2d 257, 263. Therefore, had the jury itemized its verdict and awarded $305.00 for medical expenses and nothing for pain and suffering, there would be an obvious error of law to be corrected by this court. Robinson v. General Motors Corp., 328 So.2d 751 (La.App. 4th Cir. 1976).
However, when there is a lump sum verdict in a tort case involving claims for several items of damage, an appealing party has difficulty in demonstrating the jury's intention to award a specific amount for any particular item.[2] Thus, in Campbell v. Chatelain, 286 So.2d 799 (La.App. 4th Cir. 1973) the court rejected a contention that a low general verdict necessarily indicated the jury's rejection of a proved claim for future medical expenses, when the lowest amount possibly proved for medical expenses was not so significant in comparison to the total award as to compel the conclusion that the jury failed to include this item in the total award.[3] And in the Robinson case this court in dicta observed that if the itemized award had been in the same total amount, but in an unitemized form of general verdict, the overall amount may have been construed as being within the much discretion accorded to the jury.
No precise rule can be formulated to review general verdict cases; each must be decided on its particular facts and circumstances.
In the present case it is arguable that the jury within its discretion intended to award perhaps $105.00 as the approximated cost of medical consultation and treatment made necessary by the accident and perhaps $200.00 for pain and suffering. However, the precise award of an odd amount ($305.00), which happens to be the exact amount of recoverable medical expenses, indicates more probably that the jury intended to compensate Mrs. Tardieff for those expenses. Moreover, while both plaintiffs were perhaps less than candid in their testimony as to the severity of their injuries, the doctor found some objective symptoms of injury until the dates of discharge, and there was no suggestion of overtreatment. Finally, the trial judge in denying an application for a new trial suggested that the case would be handled more expeditiously if the "clearly inadequate" award were corrected on appeal rather than by submission to another jury at a new trial.
Under the overall circumstances of this case we conclude that the jury failed to grant any award for general damages. This omission constitutes an error of law and must be corrected on appeal. However, balancing the facts of the slightness of the impact and the jury's apparent rejection of Mrs. Tardieff's testimony as to the severity of her injuries with the facts that the doctor classified the injury as moderately severe and that she exhibited objective symptoms for more than three months, we set the award for general damages at $1,250.00.
Mrs. Roy's Damages
Mrs. Roy consulted Dr. Clanton on September 29 (two days before her sister, Mrs. Tardieff). He found tenderness, spasm and motion limitation in areas of the cervical and lumbar spine and placed her on a regimen of heat, bed rest, physical therapy and medication. She responded well and gradually improved until she was asymptomatic in January, 1977, at which time she was discharged. Her medical bill was $315.00.
*1318 An award of $1,750.00 for pain and suffering and $315.00 for medical expenses is adequate compensation, based on the overall record in this case.
Decree
The judgment of the trial court as to Mr. and Mrs. Lawrence Roy is reversed, and it is now ordered that judgment be rendered in favor of Mr. and Mrs. Lawrence Roy and against James Schneider and Continental Insurance Company in the amount of $2,065.00, with legal interest from the date of judicial demand, and all costs of these proceedings in both courts. The judgment on the third party demand for contribution by James Schneider and Continental Insurance Company against Mr. and Mrs. Lawrence Roy is also reversed, and the demand is dismissed. The judgment as to Mr. and Mrs. Walter Tardieff is amended to increase the award by $1,250.00 and is affirmed as amended.
REVERSED AND RENDERED IN PART, AMENDED AND AFFIRMED IN PART.
NOTES
[1] An expert engineer inspected Schneider's door and found only a small dent, 3½inches deep and 4¼ inches long. The window, the lifting mechanism and the door latch were all operable, and the door chrome was still in place and not significantly damaged.

The total damage to Schneider's car was stipulated to be $179.17. Mrs. Roy admitted there was virtually no damage to her vehicle.
[2] Of course, when the jury grants an award in some amount, it is evident the jury concluded the claimant sustained some injury caused by the accident. Therefore, as held in the Robinson case, a jury cannot award the special damages incurred in an accident and refuse to award any amount for general damages.
[3] The court also noted the value to a reviewing court of an itemized award (by either judge or jury) under these circumstances.