367 So.2d 1318 (1979)
Louvinia WILLIAMS
v.
ALLSTATE INSURANCE COMPANY et al.
No. 9853.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1979.
Jerome Friedman, Metairie, for plaintiff-appellant.
Drury, Lozes & Curry, William J. Wegmann, Jr. and Steven M. Lozes, New Orleans, for defendants-appellees.
Before SAMUEL, LEMMON and SCHOTT, JJ.
LEMMON, Judge.
In this transit bus-truck collision, for which defendants admitted liability in the trial court, the jury was called upon to determine the issues of (1) causation of injuries to plaintiff, who was a passenger on the bus, and (2) the amount of damages, if any, sustained by plaintiff. The jury's response to the lone interrogatory"What *1319 amount of damages, if any, do you find for the plaintiff, Louvinia B. Williams?"was "None". The judgment following the jury verdict dismissed plaintiff's suit, and plaintiff appealed.
Plaintiff and the driver were the only two persons on the bus at the time of the accident. The collision occurred when the bus, while stopped for a red light, was struck in the right side by an unoccupied truck which had rolled into the street from a parked position.
Plaintiff testified: The force of the impact shook the bus "up and down", knocked her under the seat and scattered her groceries about the bus. The driver picked her up and also picked up the groceries because she was "too crippled" from the accident to stoop over. Her leg swelled immediately, so that she couldn't walk on it, and the driver assisted her in walking and carried her groceries to another bus. She expressed the probable need to consult a doctor, and the driver agreed.
On the other hand, the bus driver (who was an independent witness, since neither he nor his company was sued) testified: He saw the truck moving backward slowly and blew his horn, not knowing it was unoccupied. The truck rolled about ten feet and struck the door of the bus, but he felt no impact from the slight collision. When he turned around immediately after the impact, plaintiff definitely was still in her seat, and he did not recall seeing any groceries. She walked off the bus without his assistance in the same manner as she had walked when she boarded the bus. He did not recall her stating she was injured. He drove the bus to the garage, where the door was put back on the hinge in three to five minutes. The bus had no dents or other damage and was returned to service immediately.
The threshold question facing the jury was whether this collision caused plaintiff to sustain any injuries. The jury's response to the lone interrogatory compels the conclusion that the jury found plaintiff had not suffered any injuries in this accident.
Plaintiff's reliance on Robinson v. General Motors Corp., 328 So.2d 751 (La.App. 4th Cir. 1976), is misplaced. In that case the jury in an itemized verdict rendered awards for various items of special damages, and the court held that the jury's failure to award any general damages (after awarding special damages and thereby obviously finding plaintiff has sustained some injury in the accident) was an error of law.[1] The court noted that the failure did not involve an exercise of discretion as to amount of an award, but constituted a refusal to make any award for this item of damages.
The present case involves a general verdict, in which the jury has refused to award any amount for any item of general or special damages. There is nothing in that verdict to indicate the finding by the jury of a causal connection between the collision and the injuries sued upon by plaintiff. Indeed the only inference that can be drawn from this verdict is that the jury found plaintiff did not sustain any injury in this accident.
The determination of credibility is a function properly allocated to the trial court, whether judge or jury. When that determination is reviewed by an appellate court, reasonable inferences of fact supported by the record should not be disturbed, especially when conflicting testimony is involved.
In the present case the testimony most favorable to the prevailing party casts serious doubt on plaintiff's statement that she was injured in the accident. Accordingly, there is no manifest error in the jury's apparent finding on the issue of causation.
Finally, plaintiff complains the trial judge committed prejudicial error in failing to instruct the jury that it was not necessary to produce every possible witness, but only those sufficient to prove the case. In closing argument defense counsel, pointing out to the jury that plaintiff had stated her landlady saw her swollen ankle right after the accident and was familiar with the extent *1320 of her suffering, argued that failure to call the landlady to testify "reflects on the case". However, the court refused defendants' request for a special instruction on a presumption to be drawn from this failure, and the refusal of plaintiff's requested instruction under these circumstances was not prejudicial error.
The judgment is affirmed.
AFFIRMED.
NOTES
[1] See also Roy v. Schneider, 367 So.2d 1314 (La.App. 4th Cir. 1979), decided this day, for a discussion of general or lump sum verdicts and itemized verdicts.