376 So.2d 328 (1979)
Doreen HOOD, wife of/and Reginald E. Hood, and Viola Hood
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
No. 10599.
Court of Appeal of Louisiana, Fourth Circuit.
October 4, 1979.
Vosbein, Hilleren & Bains, David Paul Bains, New Orleans, for plaintiffs-appellants.
Lobman & Carnahan, Edward P. Lobman, Metairie, for defendants-appellees.
Before REDMAN, LEMMON and BOUTALL, JJ.
LEMMON, Judge.
Plaintiffs' appeals question the sufficiency of a jury award for damages sustained in an automobile accident for which liability was admitted.
Two days after the November 26, 1977 (Saturday) accident all three plaintiffs consulted Dr. Norman Hunt, a specialist in radiology and in "acceleration and deceleration injuries". Although they improved rapidly, all three were administered extensive diathermy treatments (there were six diathermy machines in the office) for muscular injuries, all three incurred medical bills approaching $1,000.00, and all three were discharged on February 20, 1978, completely asymptomatic (although each was that day administered one more treatment).[1]
*329 At the beginning of trial the parties stipulated that Doreen Hood missed three days of work immediately following the accident with a resulting $82.50 loss of wages; that Viola Hood missed five days of work with a resulting $92.00 loss of wages; and that Reginald Hood sustained $394.43 in property damage to his automobile. After all evidence was presented, the jury rendered a general verdict for each plaintiff, awarding the exact amount of claimed medical expenses. On appeal plaintiffs cite Robinson v. General Motors Corp., 328 So.2d 751 (La. App. 4th Cir. 1976) for the proposition that as a matter of law a jury cannot award the special damages incurred in an accident and refuse to award any amount for general damages.
The Robinson case, involving an itemized special verdict, reasoned that a jury's response of "none" to the interrogatory on general damages was not an exercise of discretion, but a refusal to award any general damages when the plaintiff was clearly entitled as a matter of law to some amount. However, this reasoning is inapplicable in the present case, which involves a general verdict.
When there is an unitemized general verdict in a tort case involving several claims for special and general damages, the appellant's burden of showing an abuse of the jury's discretion is even more difficult because the jury's intention as to a specific amount for any particular item of damages is not readily ascertainable. In such cases each appeal must be decided according to its particular facts and circumstances. Roy v. Schneider, 367 So.2d 1314 (La.App. 4th Cir. 1979).
Here, the jury was apparently unimpressed with plaintiffs' claims as to the seriousness of their injuries or as to the necessity of certain charges for extended treatment.[2] One could reasonably conclude from this record that the jury's award of the total amount of medical expenses was intended to compensate each plaintiff for some minimal pain and suffering and for those medical expenses necessitated by the accident, based on the reasoning that plaintiffs sustained injuries sufficient to warrant seeking medical attention and would not suffer an out-of-pocket loss with an overall award in the amount of the total medical bills. The jury's award of the exact amount of medical expenses, under these circumstances of exaggeration and overtreatment, would constitute an exercise of discretion, rather than a refusal to award general damages, and the record does not establish any abuse of the "much discretion" accorded by C.C. art. 1934(3).
We distinguish this case from the Roy case, in which there were objective symptoms of injury until the date of discharge and no suggestion of overtreatment. Here, defendants' attorney argued overtreatment to the jury from the opening statement, and the doctor's records showed no details of any examination after the initial visit.
Finally, we note that the jury's apparent omission of stipulated special damages does not compel a conclusion that the jury omitted an award of general damages. The stipulation of the amount for loss of wages and property damage appears of record only in plaintiffs' counsel's opening statement, with counsel's declaration that "(t)hese are things that, though they are evidence for you to consider, that you need not decide". The trial court's charge instructed the jury to consider only the evidence and did not mention the stipulation. Therefore, the jury's apparent failure to award the stipulated damages may reasonably be regarded as an oversight resulting from confusion, without any compelling inference of a deliberate refusal to award the stipulated damages or any general damages. We accordingly simply correct the award to include the stipulated damages which apparently were inadvertently omitted.
*330 For these reasons the judgment is amended to increase the judgment as follows: For Reginald Hood, from $890.00 to $1,284.43; for Doreen Hood, from $968.50 to $1,051.00; and for Viola Hood from $1,035.00 to $1,127.00. As amended, the judgment is affirmed. Costs of this appeal are assessed to defendants.
AMENDED AND AFFIRMED.
NOTES
[1] One returned later and was administered three more treatments before being again discharged.
[2] We note that the charges for diathermy treatments and prescription medication supplied by the doctor far exceed similar charges in other records that come before this court. There was no direct evidence on the excessiveness of treatment or charges, but this issue may arise in other litigation if plaintiffs refuse to pay or seek to recover payments already made.