380 So.2d 1225 (1980)
Dolores SORAPURU, Wife of and Leonard Sorapuru, Individually and on behalf of their Minor Children, LeJoan Sorapuru and Denese Sorapuru
v.
Denis E. SIMON, III and United Services Automobile Association.
No. 11013.
Court of Appeal of Louisiana, Fourth Circuit.
January 21, 1980.
Thomas M. Willmott, Metairie, for plaintiffs-appellants.
Montgomery, Barnett, Brown & Read, Thomas E. Loehn, New Orleans, for defendants-appellees.
Before REDMANN, LEMMON and SCHOTT, JJ.
LEMMON, Judge.
In this appeal by four plaintiffs from a judgment awarding them damages for injuries sustained in an automobile accident, the several assignments of error concern certain items of special damages, the amount of general damages awarded to Mrs. Sorapuru, expert fees and deposition costs.
Special Damages
The judgment of the trial court was as follows:

*1226
Mr. Sorapuru, individually $ 300.00
Mr. Sorapuru, as community
 representative 196.50
Mrs. Sorapuru, individually 3,000.00
Mr. Sorapuru, as administrator
 for his minor child, Denese 565.00
Mr. Sorapuru, as administrator
for his minor child, LeJoan 335.00

Thus, the judgment, while broken down as to parties in various capacities, was not itemized. Normally, a lump sum judgment will be presumed as intended to award all items of special and general damages, and the appellant's burden of proving that the judge or jury abused its discretion is even more difficult than usual because the intention to award a specific amount for any particular item is not readily ascertainable. Hood v. State Farm Mut. Ins. Co., 376 So.2d 328 (La.App. 4th Cir. 1979). However, each case must be determined on its own particular facts and circumstances, and there are some clear indications in this case that several items of special damages were inadvertently omitted from the award.
First, it is evident that the award to Mr. Sorapuru as community representative was intended to compensate the community for all expenses caused by the accident. However, Dr. Bohmfalk's bill for Mrs. Sorapuru alone was $196.50, the exact amount awarded in the judgment. The $50.00 automobile deductible and Mrs. Sorapuru's medical bills of $380.00 for Dr. Ganucheau (consulted five days after the accident), $115.00 for X-rays ordered by Dr. Ganucheau, $118.00 for Dr. Adatto, and $13.90 for medication prescribed by Dr. Bohmfalk were clearly proved, and it is more likely that these items were simply omitted from the judgment.[1] The $3,000.00 awarded as general damages to Mrs. Sorapuru indicates the trial judge accepted that her injury lasted longer than five days and that all or most of these medical expenses were caused by the accident.
For the two minor children, Denese and LeJoan, the awards of $565.00 and $335.00 respectively are consistent with a round figure for general damages and $65.00 and $35.00 respectively for Dr. Bohmfalk's bill. Again, as with Mrs. Sorapuru's medical expenses, the inference is raised that only Dr. Bohmfalk's bill was awarded, but bills of $25.00 each for Dr. Wexler and $12.90 and $6.60 for prescriptions were clearly proved. The judgment should be amended to include these amounts.[2]
Finally, the award of a round figure for Mr. Sorapuru's minor injuries might normally be deemed to include Dr. Ganucheau's bill of $35.00, but since that doctor's bill for the other three plaintiffs was apparently omitted, we will amend the judgment to add that amount.
General DamagesMrs. Sorapuru
In the March 6, 1976 accident Mrs. Sorapuru sustained an acute cervical strain and a contusion and moderately severe sprain of the ankle. Dr. Ganucheau, the treating general physician, prescribed physical therapy for both areas and the use of crutches, with elevation of the foot and rest. By March 29 the swelling was decreased, and on April 19 she was allowed to ambulate because most of the swelling was gone. On June 22 there was no residual neck pain and only minimal ankle swelling, and she was discharged in July.
Mrs. Sorapuru returned four months later with complaints of ankle swelling upon playing tennis, and Dr. Ganucheau referred *1227 her to an orthopedic surgeon for consultation. Dr. Adatto diagnosed an ankle strain which had responded well to conservative treatment, with minimal residual effects upon intense activity or weather change, which the doctor characterized as "minor problems" which were not unusual. The doctor declined to recommend medication or therapy and opined that she should reach complete recovery shortly.
The award of $3,000.00 for general damages was within the much discretion accorded the trial court by C.C. art. 1934(3). Moreover, the fact that the trial judge did not consider Dr. Adatto's deposition is of no great consequence, since he was aware of that doctor's examination and of the result from other testimony and since the deposition testimony added little to the significance of the injury.
Expert Fees
Plaintiffs contend all medical experts were awarded $150.00, but that Dr. Ganucheau, the only doctor to appear at the trial in Convent, should have received a greater amount.
After consulting a general practitioner in St. James Parish, Mrs. Sorapuru on advice of counsel switched to a general practitioner in Harahan. She was certainly within her rights in making this choice, but she cannot then complain when the trial court fixes the expert fee for the Harahan doctor, who had to travel a considerable distance to testify, at the same amount as that awarded the local doctor.
Deposition Costs
Plaintiffs contend that the trial court erred in refusing to award the costs of the depositions of the doctors who testified by deposition. The judgment did not expressly refuse to award these costs, and no written motion was filed to tax these costs, nor was a bill for the costs entered in evidence. Nevertheless, R.S. 13:4533 clearly entitles plaintiffs to recover the costs of these depositions (which are itemized in plaintiffs' brief and not disputed by defendants), and the judgment will be amended to reflect these awards.
Decree
The judgment is amended to increase the awards to Mr. Sorapuru, individually, from $300.00 to $335.00; to Mr. Sorapuru, as community representative, from $196.50 to $873.40; to Mr. Sorapuru, as administrator of Denese's estate, from $565.00 to $602.90; and to Mr. Sorapuru, as administrator of LeJoan's estate, from $335.00 to $366.60. The judgment is further amended to allow plaintiffs' recovery of the costs of the doctor's depositions presented in lieu of their testimony in the total amount of $220.15. As amended, the judgment is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] After a trial on December 14, 1977, the case was left open for the deposition testimony of three doctors. After the judgment was rendered and appealed, Dr. Adatto's deposition and several medical bills were not included in the record on appeal, and investigation determined that these documents and plaintiffs' post-trial brief had been lost in the mail. While the record was subsequently completed by stipulation of counsel, the loss of these documents explains in part the omission of several items of special damages. Moreover, the amounts apparently awarded for medical expenses were the exact amounts contained in a stipulation submitted after the post-trial depositions were completed.
[2] For purposes of this opinion, we disregard the technical question of whether these expenses should be awarded to Mr. Sorapuru individually or as administrator of his child's estate.