GULOTTA, Judge.
The jury in this case awarded to each plaintiff $370.00, the amount of the medical expenses incurred in connection with treatment received for injuries sustained in an automobile accident. Plaintiffs appealing, contend that the jury abused its discretion by failure to award, in addition to the medical expenses incurred, damages for pain and suffering and loss of earnings. Defendant, on the other hand, in answer to the appeal, claims the jury erred when it rendered judgment in favor of plaintiffs and alternatively contends the awards are excessive.
Kenneth Dice and Salvador Macaluso, two New Orleans Police Department officers, were traveling on duty in a police car at about 10:50 p. m. on November 13, 1976 in a westerly direction on General DeGaulle Avenue in New Orleans. DeGaulle is a four-lane traffic roadway separated by a narrow neutral ground. William H. Nun-gesser, seventeen years of age at the time, was entering the west-bound General DeG-aulle artery from a Mississippi River Bridge exit. While attempting to execute a left turn on an angle, at or near the neutral ground, his car was struck on the left rear bumper by the police car’s right rear bumper.
Plaintiffs’ version and Nungesser’s version of the events immediately preceding the impact materially differ. According to Dice, who was driving the police vehicle, and Macaluso, the passenger, Nungesser disobeyed the exit’s yield sign and failed to yield to the DeGaulle traffic while exiting. They claim the Nungesser car came from the exit directly into their lane of traffic. Dice applied his brakes, slid, hit the curb, and then struck the left rear of Nungesser’s automobile. They testified also that Nun-gesser was moving across the left westerly traffic lane headed toward the neutral ground at the time of impact. Robert Juge, a tow-truck operator for the City of New Orleans, who was following the Nungesser vehicle on the exit, generally corroborated plaintiffs’ version of the accident. Other plaintiffs’ witnesses also corroborated either that the Nungesser automobile did not stop at the yield sign or that plaintiffs’ vehicle was not traveling in excess of the speed limit.
Nungesser’s version was that he stopped at the yield sign, looked for traffic traveling in a westerly direction on DeGaulle, then proceeded at a slight angle to the right and then to the left across the right and part of the left westerly traffic lane into the neutral ground. He said he halted, waiting for traffic to clear the easterly DeGaulle traffic lane, and had been stopped several seconds when the right front bumper of the police car struck the left rear bumper of his automobile. Nungesser’s testimony was corroborated by a passenger in his car, as well as by Dennis Lore, who was also driving down the exit ramp behind the Nungesser car, and by a passenger in Lore’s automobile.
Considering the parties’ contentions in reverse order, we find no merit to either of defendant’s claims.
In answer to interrogatories, the jury concluded Nungesser was guilty of negligence which was the proximate cause of the accident. Because this finding is based upon credibility determinations, we cannot say the jury erred when it accepted plaintiffs’ version of the accident.
We reject also defendant’s claim that the jury erroneously awarded $370.00 each to the plaintiffs for medical expenses incurred. Dice’s treating physician testified that his bill for medical treatment amounted to $215.00, and a radiologist’s bill for x-rays amounted to $155.00. This amount totals $370.00. Macaluso’s treating physician testified that the total amount of his bill was $370.00.
We find merit to plaintiffs’ contention that the award was inadequate. In Mora v. American Motors Leasing Corp., *694 364 So.2d 1343 (La.App. 4th Cir. 1978), a jury awarded to plaintiffs the exact amounts of the property damage and medical bills incurred. We increased the award, concluding that the jury “may not refuse general damages to plaintiffs with objective injuries.” . The plaintiffs in the case now before us offered medical evidence of objective findings of injury. Under these circumstances we conclude, as we did in the Mora case, that plaintiffs are entitled to an award for personal injuries in addition to the medical expenses awarded by the jury.[1]
Macaluso was seen by Dr. Charles J. Gan-ucheau on November 16, 1976. He complained of pain in the lumbar spinal area. Examination showed spasm in the area of the lower one-third of the spine on both sides. Dr. Ganucheau diagnosed this objective finding as “an acute traumatic thoracic lumbosacral strain.” Physiotherapy, consisting of ultrasound and electrical muscle stimulation in the involved area, was administered on sixteen occasions between November 1976 and January 18, 1977. No pain medication was prescribed. At Dr. Ganucheau’s final examination of him on February 25, 1977, Macaluso exhibited no pain or significant palpable spasms. According to the doctor, when discharged on February 25, 1977, Macaluso had recovered from the injuries sustained.
Kenneth Dice was seen on November 17, 1976 by Dr. Julius Levy, a general surgeon. This twenty-six year old police officer complained of neck pain, making turning of the head and sleeping difficult. He also complained of pain in the left shoulder. Dice’s injury was diagnosed as a cervical strain. Muscle relaxants and Darvon, a rion-narcotic painkiller, were prescribed. Physical therapy and heat treatment were administered on ten occasions between November 22, 1976' and January 27, 1977. He was discharged on February 24, 1977. At the time of discharge he had completely recovered from the accident. According to Dr. Levy, Dice was asymptomatic on January 27th. His neck was not hurting any longer; however, he did exhibit some pain in his left shoulder. Dr. Martin B. Flann, the radiologist who examined and took x-rays in the area of Dice’s complaints, corroborated evidence of muscle spasm.
Although both plaintiffs missed approximately one week of work, Dr. Ganu-cheau indicated that he could find no notation in his records that Macaluso was told not to go to work. Dr. Levy testified that he did not advise Dice not to return to work. Furthermore, the evidence does not show how much wages plaintiffs lost because of their absence from the job. Under those circumstances, we must hold that they are not entitled to an award for loss of wages.
We conclude further that plaintiffs are entitled to an increase of the award for personal injuries over and above the medical expenses awarded. In determining the amount of these awards, we follow the guidelines of Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976):
“[Bjefore a Court of Appeal can disturb an award made by a trial court . the record must clearly reveal that the trier of fact abused its discretion in making its award. [Citations omitted.] Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. [Citations omitted.]” 341 So.2d at 335.
See also Reck v. Stevens, 373 So.2d 498 (La.1979). As noted above, the jury here abused its discretion in failing to award general damages to these plaintiffs, who *695 had objective injuries. On this basis, therefore, we amend the judgment to award Kenneth Dice $750.00 and Salvador Macalu-so $500.00 in general damages, the lowest amounts reasonably within the jury’s discretion. These amounts are in addition to the medical expense awards as determined by the jury.
As amended, we affirm the judgment of the trial court.

AMENDED AND AFFIRMED.

. We distinguish Hood v. State Farm Mut. Auto. Ins. Co., 376 So.2d 328 (La.App. 4th Cir. 1979), in which we held that the jury’s award of the exact amount of medical expenses did not constitute an abuse of discretion. In the Hood case, however, there was no objective evidence of injury and the jury was presented with the issue of exaggeration and overtreatment of plaintiffs’ injuries. Here, there were objective findings and no question of overtreatment was presented to the jury.