SAMUEL, Judge.
Plaintiffs, Alejandro Sanchez and his wife, Constantina Sanchez, filed this suit against Daniel A. LeBlanc and his insurer, State Farm Mutual Automobile Insurance Company, seeking damages arising out of a rear end collision in which defendant’s vehicle struck an automobile driven by Mrs. Sanchez. Defendants answered, denying liability.
The case was tried by a jury, which returned a verdict in favor of plaintiffs for $1,000. Their verdict was made a judgment of the court, and plaintiffs have appealed. In this court defendants contend the judgment should be affirmed.
On June 23, 1978, Mrs. Sanchez stopped her vehicle in the right east-bound lane of U.S. Highway 90-B at its intersection with Terry Parkway, in Jefferson Parish, Louisiana. Defendant, Daniel A. LeBlanc, drove a 1976 Ford pickup truck into the rear of plaintiffs’ vehicle. Mrs. Sanchez was taken by ambulance to Charity Hospital in New Orleans, x-rayed, examined by a physician, and released on an out-patient basis.
On June 8, 1978, approximately two weeks prior to the accident in suit, Mrs. Sanchez had injured her back at work at the Royal Sonesta Hotel in New Orleans. She was taken to Southern Baptist Hospital and released. She was then referred by the hotel to Dr. Manny Paine for treatment of her back injuries.
After her release from Charity Hospital on June 23,1978 (the date of the accident in suit), she went to Dr. Paine’s physical therapist for treatment, and on June 27,1978 she was examined by Dr. Paine’s partner. On neither of these occasions did she mention the accident of June 23, 1978.
On July 5, 1978, Mrs. Sanchez began treatment by Dr. Mark Juneau, an orthopedist. She told Dr. Juneau about the June 8, 1978 accident at the Royal Sonesta and the automobile accident of June 23, 1978. He felt she had suffered a hyperextensive injury to her cervical spine and a ligamentous injury to her lumbosacral spine. However, he stated that he could not determine which of these injuries were responsible for her subsequent complaints, because both were so similar.
Dr. Juneau did not discover objective symptoms, and on August 4, 1978 Mrs. Sanchez informed him she was free from pain. On that date he discharged her.
In September, 1978 Mrs. Sanchez began treatment by Dr. Dorsey Dysart. She did not tell Dr. Dysart of the June 8, 1978 *351 accident at her employment, but only reported the automobile accident of June 23, 1978. Dr. Dysart found subjective complaints of tenderness in the lower back, but found no objective symptoms. He reached the conclusion she had suffered a soft-tissue injury, and found she had rapidly improved by her second visit in October, 1978. She did not return to Dr. Dysart until July 5, 1979, approximately nine months later. At that time she had complaints of mild pain. In the meantime, she had delivered a child, and Dr. Dysart again found no objective symptoms. He felt her earlier lumbosacral condition had dissipated itself.
Dr. Dysart never discovered any objective findings. Moreover, he testified Mrs. Sanchez had failed to advise him of the June 8, 1978 accident at the hotel which had resulted in injury to her back. When advised of this injury at the trial, he stated he could not tell which of the two injuries caused her subjective complaints.
The only physician who believed anything was substantially wrong with Mrs. Sanchez was Dr. Rayburn Llewellyn, who saw plaintiff for the first time in October of 1979, more than sixteen months after both of the injuries discussed herein. At the time of trial he had seen her on three separate occasions and recommended hospitalization for further testing. However, she did not tell him of the incident at the hotel on June 8,1978. When Dr. Llewellyn was informed of this earlier injury he likewise stated he could not testify with medical certainty whether the June 8, 1978 hotel accident or the rear end collision of June 23, 1978 was responsible for the complaints.
Finally, Dr. James Williams was called as an expert witness in the field of orthopedic surgery on behalf of defendants. Dr. Williams testified he saw Mrs. Sanchez on November 13, 1978 and on December 20, 1979. On neither of these occasions did she demonstrate any objective evidence of injury, and Dr. Williams offered no reasonable medical explanation for her various subjective complaints of back pain.
Plaintiffs argue the jury committed error in failing to award $9,546.14 in special damages which they assert were “uncontra-dicted.” However, viewing the matter objectively, the only “uncontradicted” special damages involved in the case was the sum of $41 charged by Charity Hospital for treatment rendered plaintiff on June 23, 1978 following the rear end collision. With regard to the other items of special damages, there was ample evidence submitted to the jury which could have led to their conclusion that the special damages requested by plaintiffs were not caused by the accident of June 23, 1978.
The matter is made more difficult because the jury was provided with only a general jury verdict form, under which it awarded a lump sum including both general and special damages. In Hood v. State Farm Mut. Auto. Ins. Co.,[1] it was observed that a plaintiff has a greater than normal burden of showing abuse of discretion by the jury when it returns an unitemized general verdict because the jury’s intention regarding a specific amount for any particular item of damages is not readily ascertainable.
The findings of the trier of fact are entitled to much discretion, and must be left undisturbed on appeal unless it clearly abused that discretion.[2] Here, Dr. Juneau, the only physician who was told of both injuries, testified he could not ascertain which of the injuries resulted in Mrs. Sanchez’s discomfort, or whether both of them in some combination had this effect on her, because of their close proximity in time. However, Dr. Juneau did testify that whatever the cause, her injuries were quite minor, she had no objective symptoms, her prognosis was good, and she suffered no permanent physical disability.
Moreover, Dr. Juneau, Dr. Dysart and Dr. Williams failed to find any objective symptoms. These three doctors, together with *352 Dr. Llewellyn, were unable to determine whether the injury of June 8 or June 23, 1978 caused the complaints. Equally important, the jury had before it the question of Mrs. Sanchez’s credibility especially as raised by her failure to mention the June 8 accident to Dr. Dysart or Dr. Llewellyn, and her failure to mention that accident to Dr. Paine’s therapist or to his partner.
Under these circumstances, there is no basis for us to disturb the finding of fact or the award of damages. The jury must have found the rear end collision of June 28, 1978 caused some discomfort, but that such discomfort was minimal. Consequently, their award of $1,000 will not be disturbed.
Finally, plaintiffs argue the jury was improperly influenced by a portion of the closing argument on behalf of defense counsel. Defense counsel argued that an award to plaintiffs would have the effect of increasing insurance premiums generally. This type argument has not been held sufficient to reverse a decision[3] particularly where, as in the present case, the jury was admonished to ignore any incorrect remarks.[4] When the remarks were made in this case the trial judge immediately interrupted, informed the jury no evidence had been offered regarding insurance premiums, and ordered the jury not to consider the remarks. We consequently conclude the jury made no error of fact and the trial judge committed no error of law in the case now on appeal.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. La.App., 376 So.2d 328.

. Arceneaux v. Domingue, La., 365 So.2d 1330; Canter v. Koehring Company, La., 283 So.2d 716.

. See Williams v. Sentry Ins. Co, La.App., 370 So.2d 901.

. Callahan v. Town of Bunkie, La.App., 287 So.2d 629.