PER CURIAM.
This case was remanded to us for a determination of any damages due plaintiff for injuries he may have sustained as a result of slipping and falling in one of defendant’s grocery stores. Our original per curiam disposition (unpublished) affirmed the trial court’s finding that defendant was not neg *300 ligent. The Supreme Court, with a complete recitation of the attendant circumstances, concluded defendant was negligent, its negligence caused plaintiff to fall, and plaintiff was not contributorily negligent. 393 So.2d 680 (La.1981).
When plaintiff slipped and fell to the floor he scraped his left elbow and allegedly injured his back. At the time of the fall, October 25, 1975, plaintiff’s only complaint was with respect to the elbow. A store employee administered an antiseptic spray to the small cut sustained. There is no evidence of any further treatment for the elbow.
Several weeks after the accident plaintiff saw his regular physician complaining of low back pain. He was referred to Dr. John F. Loupe, an orthopedic surgeon, who prescribed flexion exercises and medication. A few weeks later plaintiff was found to be doing very well but in April 1976, approximately six months after the accident, his complaints led to a brief period of hospitalization during which time he underwent conservative treatment, including traction and physical therapy.
Two weeks after the hospitalization plaintiff was well enough to be discharged by his physician with instructions to return as necessary. Plaintiff was again discharged on June 9, 1976, with instructions to continue his exercises. He is described at that time as having a mild back ache. Plaintiff did not see Dr. Loupe again until February 28, 1978, when he allegedly was experiencing back pain. Again, he was discharged, to continue with his exercises. At the time of trial, April 9, 1979, plaintiff maintained he was still experiencing back pain. Total medical expenses proven by plaintiff, as regards treatment of his back, amounted to $756.83. The medical evidence established, at most, a mild to moderate lumbosacral strain. The existence of a ruptured disc was negated.
At trial, plaintiff’s answers were vague when questioned about his prior medical history. He specifically denied any previous back trouble, admitting to back pain only when carrying a pack while in the army. When pressed about being hospitalized in 1972 for low back pain, plaintiff’s evasiveness caused the trial judge to comment: “Well, it bears on credibility of the witness, not answering questions.” Documentary evidence was introduced conflicting with plaintiff’s statement he had never had back trouble in the past.
Since the trial judge decided the case adverse to plaintiff on the basis of liability, he did not reach the question of quantum. Accordingly, the very obvious issue of credibility was not passed upon and the conflicting evidence was not resolved by the trial court. Left unanswered were several questions essential to assessing the nature and extent of injuries sustained by plaintiff. Among these are whether plaintiff actually injured his back when he fell in defendant’s store, or whether plaintiff simply has a pre-existing chronic back problem. Also, assuming plaintiff did, in fact, injure his back in the fall, is he telling the truth when he states he now suffers continuously from back pain? These questions could only be answered after determining plaintiff’s veracity and weighing the result along with other evidence adduced.
The trial judge was well aware of the credibility issue in this case and undoubtedly would have made a reasonable evaluation of plaintiff’s credibility as related to injuries had he been called upon to do so. Within the context of this clearly presented issue, a proper allocation of trial and appellate functions requires we remand this case to the trial court for the initial assessment of any damages due plaintiff. The determination of credibility is a function properly allocated to the trial court, whether judge or jury. Williams v. Allstate Ins. Co., 367 So.2d 1318 (La.App. 4th Cir. 1979). A trial court has the better capacity to evaluate a live witness, as compared with our access only to a cold record. Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973). See also, Guidry v. Davis, 382 So.2d 250 (La.App. 3d Cir. 1980); Reed v. Henry, 343 So.2d 457 (La.App. 3d Cir. 1977).
For the foregoing reasons, this case is remanded to the trial court for the initial *301 determination of any damages due plaintiff, and for the imposition of court costs.
REMANDED.