CRAIN, Judge.
This is an appeal from a judgment of the trial court which found Frank’s Casing Crew and Rental Tools, Incorporated, (appellant) to be negligent in causing the personal injuries sustained by Aaron Knott (appellee).
On October 9, 1978, appellee was working within the course and scope of his employment with American Well Service (American) when he was struck in the head by an empty hook hanging from a cable attached to a cherry picker. The cherry picker was being used to remove casing from a workover rig at the Bayou Choctaw salt dome. Appellee’s jaw was fractured and he was knocked unconscious. Several employees of American were at the scene of the accident along with several employees of appellant and the cherry picker operator. The cherry picker was owned by J.P. Messina Contractors, Incorporated (Messi-na), and Messina’s employee was operating it.
Appellee filed a suit for damages against appellant and later amended it to include Messina. Both defendants denied liability and filed third party demands against each other for indemnity or contribution.
American and its workmans compensation insurer, The Home Insurance Company (Home), intervened seeking recovery for medical expenses and workmans compensation benefits paid to appellee.
A jury trial on the merits was held in May, 1983. All parties stipulated at trial that appellee was employed by American on October 9, 1978; that appellee was acting within the course and scope of his employment at the time of the accident; and that Home has paid $33,328 in workman’s compensation benefits and $15,090 in medical expenses. The only issues to be decided at trial were the negligence of appellant and Messina, and the amount of damages.
On May 25, 1983, the jury returned a general verdict finding both appellant and Messina negligent and awarded appellee $263,000 in damages. On June 10, 1983, a judgment was rendered holding appellant and Messina solidarily liable for $263,000 plus legal interest from the date of judicial demand and costs. American and Home were awarded $48,418.99 in preference and priority out of appellee’s recovery. Both appellant and Messina appealed from this judgment, but Messina settled and dismissed its appeal. Appellant alleges on appeal only that the jury erred in concluding that there was sufficient evidence to find it was in any way negligent or at fault in causing the accident that resulted in appellee’s injuries.
FACTS
The undisputed facts are that Joseph Kelley, an employee of Messina, was sent by his employer to the workover rig located at the Bayou Choctaw salt dome to operate a cherry picker already on site. The cherry picker was to be used to remove casing from the rig after the casing had been extracted from the hole. Employees of American and appellant were located on the rig. The employees of American, in- *800 eluding plaintiff, were on what is called the “boardwalk” which is on the bottom of the rig. The employees of appellant were on the drill floor which is located 15 to 18 feet above the ground.
The employees of American operated the drill rig equipment which actually extracted the casing from the hole. The casing was to be removed vertically from the hole by the drilling rig equipment. When the particular casing was lifted to a point where it was hanging vertically above the drill floor, the employees of appellant were to take over. They were to attach one hook from the cherry picker sling onto the bottom of the casing. The casing would then be stretched out horizontally using the cherry picker to move the bottom while the rig equipment lowered the top. When the casing was horizontal, the other hook from the cherry picker sling was to be attached and then the cherry picker was to “boom out” from the rig moving the casing outside the rig area. The cherry picker was then to lower the casing to the ground and stack it.
Obviously, while two hooks from the cherry picker were ultimately needed to remove the casing from the drilling rig, only one hook was being used to lay the casing horizontally. This meant the other hook was dangling free during this period of time. To keep this hook from falling it was supposed to be attached to a side rail located on the drill floor by means of a sash attached to the hook and the side rail. It is the free hook which fell from the drilling rig floor and struck plaintiff while he was standing on the boardwalk. The contention of the appellant is its employees were in no way responsible for this occurrence and there is no evidence to support the jury’s holding them liable. Additionally, it is claimed that if there is evidence the jury’s reliance on that evidence is clearly wrong. We hold there was evidence presented which supports the jury’s verdict and its verdict based on that evidence is not clearly wrong.
TESTIMONY AT TRIAL
Joseph Kelley, the cherry picker operator, testified at the trial that he was given a signal from the drill floor to boom away from the rig. At that point both cables should have been attached to the casing. According to this testimony either the crew on the drill floor gave a premature signal or the cable was fouled causing the hook to pull loose, fall and strike plaintiff, or the sash was untied or broken causing the hook to hang free.
Ray Roy, Darrell Roy and Adrian Duple-chain, all employees of appellant, testified at trial. Ray Roy testified that he did not give nor did he see anyone give any signal to boom outwards. He stated that the cherry picker boomed too far out and the sash cord which was used to tie the hook and sling to the handrail broke, allowing the hook to fall and strike appellee. Darrell Roy stated he was drinking coffee at the time of the accident and did not see anything. Adrian Duplechain testified that he did not actually see the cherry picker boom out, but that he saw that the sash cord securing the hook to the handrail was in a bind and that it either slipped or broke allowing the hook to fall. He further stated that he did not give a signal to the cherry picker operator to boom out.
James Boudreaux, American’s driller, was operating the rig equipment which pulled the casing from the hole. He testified that he was at the brake in the back of the rig which was located on the drill floor. However, from his location, he could not even see the cherry picker. He stated that the hook and sling had fallen off the drill floor twice and that he ordered his personnel to tie off the hook by attaching it to the handrail on the rig with a sash. Although he did not see who untied the sash cord, he stated that someone on the rig floor must have improperly untied the sash at the hook instead of at the handrail. This meant the hook could not be controlled by someone holding the sash which was the proper procedure. He stated that the sash cord was not broken, that it was still attached to the handrail, and that it must *801 have been untied because the handrail was not bent.
Regis Taylor, a co-employee with appel-lee, testified that he tied the hook to the handrail with the sash cord and that either the sash cord broke or it was just turned loose. He stated that the sash cord was still tied to the handrail after the accident.
Wilt Degeyter, a co-employee with appel-lee, gave testimony largely based on statements he made in a deposition taken in August of 1982. At trial he admitted the correctness of his prior statements that the cherry picker put a bind on the cable which caused the sash cord to pop or break.
After a careful review of the evidence presented and testimony given, we are convinced that the jury was not clearly wrong in its factual finding that appellant was negligent and that this negligence resulted in appellee’s injuries. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Although we note the possible inconsistencies in parts of the testimony at trial as pointed out by appellant, the decision as to whether a witness is credible is clearly left to the trier of fact. Williams v. Winn-Dixie of Louisiana, Inc., 404 So.2d 299 (La.App. 1st Cir.1981). We find no manifest error in the juries’ conclusions from testimony that would support a finding of negligence on the part of appellant.
For the foregoing reasons the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.