SAVOY, Judge.
This is a concursus suit instituted by plaintiffs to determine the ownership of a royalty interest in two parcels of land in Acadia Parish, comprising a total of 60.63 acres, and referred to herein as Tract A and Tract B.
The petition recites that there are two groups of claimants. They are designated as Column 1 defendants and Column 2 defendants. The names of the parties in each group are specified.
Column 1 defendants are the heirs of Lennie Arceneaux and his wife, Ernestine Meche, both deceased.
Column 2 defendants are some of the heirs of Gadrac Arceneaux Lyons and their royalty assignees.
The trial court rendered judgment in favor of the Column 1 defendants, and the Column 2 defendants have appealed.
J. Sidney Arceneaux, Sr., died in 1927, and his widow died in 1929. They left as their sole heirs the following named children, issue of that marriage: (1) J. Ovey Arceneaux; (2) J. Clyde Arceneaux; (3) Waddy Arceneaux; (4) Lennie Arce-neaux; (5) J. Sidney Arceneaux, Jr.; and (6) Mrs. Gadrac Arceneaux Lyons. The estate left by the decedents, Mr. and Mrs. J. Sidney Arceneaux, Sr., included a relatively large tract of land in Acadia Parish, Louisiana.
Shortly after the death of Mrs. J. Sidney Arceneaux, Sr., her heirs formed a corporation designated as “Estate of J. S. Arce-neaux, Sr., Inc.,” and they conveyed to that corporation all of the property which they had inherited from their father and mother. J. Sidney Arceneaux, Jr., died soon after this corporation was formed, and since he had never married his interest in the corporation was inherited by his brothers and sisters.
On April 30, 1937, the corporation transferred all of the above mentioned property back to the five remaining heirs of Mr. and Mrs. J. Sidney Arceneaux, Sr., but in each deed reconveying such property to the heirs the corporation specifically reserved to itself all of the minerals in, on and under that property. At the time those trans *798 fers were made, the five heirs of Mr. and Mrs. J. Sidney Arceneaux, Sr., entered into an agreement partitioning this property among themselves. The property was divided into two blocks, designated as Block 1 and Block 2. Block 1, comprising 245 acres of land, was divided into four lots. Pursuant to the agreement which they had entered into, Lennie Arceneaux received Lot 1 as his share of the property, Mrs. Gadrac Lyons received Lot 2, Waddy Arceneaux was given Lot 3, and J. Clyde Arceneaux accepted Lot 4 of that block.
On June 21, 1937 and November 19, 1938, Lennie Arceneaux purchased from J. Clyde Arceneaux all of Lot 4 of Block 1, comprising a total of 58.63 acres. The property acquired by Lennie Arceneaux at that time is referred to as “Tract A” in this suit.
On December 30, 1937, Lennie Arce-neaux purchased two acres from Waddy Arceneaux out of Lot 3 of Block 1. The two acres of land acquired by Lennie Ar-ceneaux at that time is referred to as “Tract B” in this suit.
All parties agree that Tract A and Tract B became a part of the community which existed between Lennie Arceneaux and his wife, Mrs. Ernestine Meche Arceneaux, since the property was purchased by Len-nie during the marriage.
Lennie Arceneaux’s wife, Mrs. Ernestine Meche Arceneaux, died on March 11, 1945, leaving as her survivors her husband and six children, issue of her marriage to Len-nie. The six children of Ernestine Meche Arceneaux inherited all of the property left by her, including her one-half interest in the property which belonged to the community existing between her and her husband. The six children of Mrs. Ernestine Meche Arceneaux are referred to as the Column 1 defendants in this suit.
On March 12, 1946, four children of Mr. and Mrs. J. Sidney Arceneaux, Sr. (Ovey, Clyde, Waddy and Lennie), and the heirs of Mrs. Gadrac Arceneaux Lyons, who was then deceased, executed a document purporting to renounce the accrued prescription on the mineral rights owned by the corporation affecting a large tract of land, including Tracts A and B. The pertinent part of that document reads as follows :
“Whereas there is some doubt as to the length of time remaining whereby said corporation will continue to be the sole owner of the said oil, gas, and mineral rights covering the property described in this instrument.
“Now it be known that all of appear-ers above named declare that they do by these presents renounce the prescription that has accrued in their favor since the 30th day of April, 1937, and reinstate and renew, as of this date, the title of the Estate of J. S. Arceneaux, Sr., Inc., to the whole of the oil, gas and other minerals on, in, under, or that may be produced from the property covered by this instrument so that from this day on, and regardless of the changes that have taken place in the ownership of the surface of said property, all such oil, gas, and/or mineral rights will be and continue to be owned by said corporation, ap-pearers declaring themselves with this act and binding themselves, their heirs and assigns thereby.”
The above mentioned renunciation was executed by Lennie Arceneaux, but it was not signed by or in behalf of any of his six children (the Column 1 defendants), who had inherited the community interest of Mrs. Ernestine Meche Arceneaux in Tract A and Tract B. The Column 1 defendants thus did not sign the agreement which purports to renounce the prescription which had accrued since April 30, 1937.
On September 1, 1949, the Arceneaux corporation executed a mineral lease affecting the mineral rights which the corporation owned on all of this property, including Tracts A and B. That lease was ultimately obtained by the plaintiffs who instituted this concursus proceeding.
*799 In 1953, Estate of J. S. Arceneaux, Sr., Inc., was liquidated, and the liquidators conveyed to Lennie Arceneaux one-fifth of the assets owned by the corporation, including an undivided one-fifth interest in the minerals on Tract A and Tract B. A dispute then arose between the children of Lennie Arceneaux (the Column 1 defendants) and the owners of other undivided interests in the property as to whether the renunciation of accrued prescription, which was signed by some of the joint owners on March 12, 1946, had the effect of interrupting prescription of mineral rights on the interest of the Column 1 defendants in Tracts A and B. On January 1, 1954, a compromise agreement relating to that issue was entered into between Lennie’s children and some of the other heirs. The children of the late Mrs. Gadrac Arce-neaux Lyons (the Column 2 defendants) did not sign that compromise agreement, however, and the agreement provided that the acknowledgment of Lennie Arce-neaux’s children would not operate for the benefit of those other heirs who did not sign it.
Lennie Arceneaux died on October 7, 1968. His children accepted his succession unconditionally, and on September 30, 1969, judgment was signed recognizing these children as his heirs and sending them into possession of his estate.
In the instant suit the trial judge concluded that the document signed by Lennie Arceneaux in 1946 did not interrupt the running of prescription of mineral rights affecting Tracts A and B, and that prescription accrued in favor of the Column 1 defendants in those tracts in 1947. He thus rendered judgment recognizing the Column 1 defendants as owners of the mineral royalty interests which are at issue here.
Counsel for appellants states that the district court judgment should be reversed on the following grounds:
1. That the March 12, 1946, instrument executed by Lennie Arceneaux and the other heirs in favor of Richardson interrupted prescription so that when the corporation was dissolved Lennie acquired a one-fifth interest in the property in litigation; and that when Column 1 defendants accepted Lennie’s succession, they were bound by the warranty obligation of their father.
2. That if Lennie Arceneaux could not validly interrupt prescription as to Column 1 defendants, then he was unjustly enriched on September 16, 1953, when he acquired a one-fifth mineral interest rather than a one-tenth mineral interest in the liquidation of the Arceneaux succession.
Counsel relies on the case of Humble Oil and Refining Company v. Boudoin, 154 So.2d 239 (La.App. 3 Cir. 1963) (cert. den.).
We are of the opinion that the Humble Oil case, supra, is not applicable to the instant case. In that case Boudoin had sold the entire tract of land to another party. At the time of the sale his children owned an undivided one-half interest. The heirs accepted his succession. This Court held that the heirs, by accepting their father’s succession, were estopped to deny the warranty of title contained in the deed where the father sold the whole of the property.
In the instant case, Lennie Arce-neaux acknowledged that prescription had been interrupted on the instant tract in order that he and his brothers and sisters could sell a royalty interest to Richardson. At the time of the signing of the instrument, the community between Lennie and his wife had been dissolved by virtue of her death. The heirs of Lennie did not breach his warranty to Richardson, for he had sufficient royalty to sell to Richardson.
The second contention of appellants is that the judgment of the trial court recognizing the Column 1 defendants as owners of minerals on Tracts A and B has the effect of unjustly enriching Lennie Arce-neaux. They argue that for that reason *800 the judgment appealed from should be reversed. We find no merit to that argument. The Column 1 defendants owned an interest in Tracts A and B in 1947, ten years after the minerals had been reserved by the Arceneaux corporation. They did nothing to interrupt or suspend the running of prescription on those minerals during that ten year period, and we think they acquired by prescription the mineral rights on their interests in these tracts at that time. The agreement of the other heirs to convey one-fifth of the minerals on those tracts to Lennie Arceneaux did not have the effect of depriving the Column 1 defendants of their right to those minerals.
Counsel for appellants states that the property in litigation is not described as required by LSA-C.C.P. Article 1919.
We accordingly amend the judgment of the district court to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of John D. Ar-ceneaux, John Sidney Arceneaux, David Lee Arceneaux, John Ray Arceneaux, Clara Josephine Arceneaux and Doris May Tavendor Arceneaux, decreeing them to be the owners in the portion of an undivided one-sixth interest each in the following described property situated in the Parish of Acadia, Louisiana, to-wit:
A 16/3840 mineral royalty interest in:
That certain tract of land located in the Parish of Acadia, Louisiana, being known and designated as Lot Four (4), Block One (1), on a plat of survey made by H. C. Wade, C. E., of date March 30, 1937, annexed to deed from Estate of J. S. Arceneaux, Sr., Inc., to J. Sidney Ar-ceneaux, Jr., which said lot contains 58.-63 acres of land, and being more particularly described on said plat of survey as follows, to-wit:
Beginning 14.12 chains N 48 degrees 40 minutes E from the Southwest corner of Section Three (3), Township Nine (9) South, Range Two (2) East; thence S 48 degrees 40 minutes W 28.32 chains; thence N 41 degrees 31 minutes W 17.79 chains; thence N 40 degrees 32 minutes E 30.92 chains; thence S 35 degrees 33 minutes E 22.29 chains to the point of beginning; being bounded, now or formerly, on the Northwest by Lot 1 (Len-nie Arceneaux) on said plat of survey, Northeast by Lot 3 (Waddy Arce-neaux) on said plat of survey, Southeast by Public Road, Southwest by Gerard Mouton; being the same property acquired by J. Clyde Arceneaux from Estate of J. S. Arceneaux, Sr., Inc., by an act recorded under Entry No. 134135 in Conveyance Book V-5, page 443 of the records of the Parish of Acadia, Louisiana.
Also, a 12/3840 mineral royalty interest in :
That certain tract of land situated in the Parish of Acadia, Louisiana, comprising 2 acres and located in the Northwest Corner of Lot 3 of Block 1 on a plat of survey made by H. C. Wade, C. E., annexed to and made a part of Act No. 134134 of the Conveyance Records of the Parish of Acadia, Louisiana, said two acres being more particularly described as commencing at the Northwest corner of said Lot 3 of Block 1; thence running N 54 degrees 16 minutes East along the North line of said Lot 3, a distance of 1 acre, to a point; thence S 35 degrees 33 minutes East a distance of 2 acres, to a point; thence S 54 degrees 16 minutes West, a distance of 1 acre, to the West line of said Lot 3, thence along said West line a distance of 1 acre to the place of beginning. Said property being the same property described in that certain act recorded under Entry No. 139517 in Book F-6, page 73, of the Conveyance Records of the Parish of Acadia, Louisiana;
together with all funds in the Registry of the court or which may hereafter accrue. Costs to be borne by the funds in the Registry of the court. As amended, the judgment of the district court is affirmed.
Amended and affirmed.