299 So.2d 393 (1974)
Robert R. EARLE, Plaintiff-Appellant,
v.
John D. WILHITE, Defendant-Appellee.
No. 12355.
Court of Appeal of Louisiana, Second Circuit.
July 1, 1974.
Rehearing Denied September 4, 1974.
*394 Sonny N. Stephens, Winnsboro, for plaintiff-appellant.
Parkerson & Guerriero by Joe D. Guerriero, Monroe, for defendant-appellee.
Before PRICE, HALL and WILLIAMS, JJ.
Rehearing en Banc. Denied September 4, 1974.
PRICE, Judge.
Plaintiff has appealed from the judgment awarding him damages resulting from a battery committed on his person by defendant. The sole issue presented is the adequacy of the award made by the trial judge.
The facts are in most part undisputed and are substantially as follows:
Plaintiff, Robert Ray Earle, was the football coach at Sterlington High School in Ouachita Parish in the fall of 1973. At the conclusion of a football game on November 3, 1973, as plaintiff was leaving the field, defendant, John D. Wilhite, the father of a Sterlington player, struck plaintiff on the side of the face without warning or provocation. No further altercation took place and no retaliation was attempted by plaintiff. No appreciable physical injury was suffered by plaintiff other than some soreness of his jaw and a slight swelling which subsided over the weekend.
Plaintiff filed suit against defendant seeking damages for humiliation, embarrassment, mental anguish, and pain and suffering.
Defendant admits striking plaintiff but attempts to show the blow struck and resulting injury were so minimal as to be inconsequential. Evidence was presented by defendant on trial in an attempt to show he is entitled to a mitigation of damages. He testified his hostility toward the plaintiff developed over a period of time from a belief the plaintiff had been unfair in his treatment of defendant's son in certain school affairs and in athletics.
Without giving written reasons, the trial court awarded plaintiff judgment for the sum of $250.
Plaintiff on appeal contends this sum is so inadequate as to constitute an abuse of the "much discretion rule."
We are one of the opinion the amount is insufficient and amend the judgment to increase the amount awarded in damages.
The evidence discloses plaintiff was a respected school teacher and coach who enjoyed a good reputation in the community. The sudden and unprovoked attack took place in the presence of a number of persons who were in the process of leaving the stadium. Although the blow struck by defendant did not result in any serious physical injury to plaintiff, it understandably did cause considerable humiliation and embarrassment to him. These are compensable items. See Johnson v. Horace Mann Mutual Insurance Co., et al., 241 So.2d 588 (La.App.2d Cir. 1970).
We do not consider the evidence presented by defendant explaining the basis of his animosity toward plaintiff to show sufficient justification to demand any mitigation of damages.
Most of these matters occurred at a time long prior to the date of this incident. Defendant's contention he was intoxicated and angered over plaintiff's action in not allowing his son to play for a longer period of time in the game does not justify his action to any extent.
*395 Considering the status of plaintiff and the circumstances under which this battery occurred, we deem the sum of $250 grossly inadequate to compensate plaintiff for the pain, suffering humiliation and embarrassment caused by defendant's unwarranted action, and conclude $1,000 is an appropriate award.
The judgment appealed from is amended accordingly. Costs of this appeal are to be paid by appellee.