BEER, Judge.
The plaintiffs, Dr. Lincoln D. Paine and his wife, Judy Jones Paine, sued defendants, Checker Cab Co., Inc. (hereafter, “Checker”), its insurer, Protective National Insurance Company, and Robert L. Paige, for damages arising out of a collision which occurred on July 4, 1974, involving Checker’s taxicab, driven by Paige, and a vehicle owned by plaintiffs, being driven at the time by Mrs. Paine. Their children, Yvonne, Isabelle and Adrienne, were passengers. Defendants denied liability and specially pleaded contributory negligence. After jury trial, a unanimous verdict was rendered “for the plaintiffs” awarding Dr. Lincoln D. Paine $2,000.00 . . for the damage and/or loss of the use of his automobile, and for any medical or other expenses he may have incurred on behalf of himself and/or his wife and children.” Judgment was, accordingly, entered in favor of Dr. Paine. Plaintiffs filed a rule to tax costs, and the rule was made absolute (with written reasons assigned) awarding some, but not all, of the costs sought. Plaintiffs have appealed devolutively from the judgment on the rule as well as the judgment on the verdict contending that the amount of the damages and costs awarded were insufficient. Defendants did not appeal nor did they answer the appeal.
Since the jury verdict was “for the plaintiffs, Dr. Lincoln D. Paine and Judy Jones Paine . . .the only plausible meaning we can ascribe to it is that the jury concluded that Mrs. Paine was not negligent and that Robert Paige was negligent in proximately causing the accident. Furthermore, the record clearly supports a finding of liability on the part of Paige.
At the trial, Mrs. Paine testified that as a result of the accident, she experienced “severe pain” resulting from the injuries to the shoulder, neck, low back and left thigh. This condition persisted throughout the fall of 1974. Officer Rudolph H. Boudreaux, who was the investigating officer, testified that all of the persons in the Paine vehicle made complaints of pain or momentary unconsciousness. Nevertheless, Mrs. Paine testified that although the children were upset by the accident, none of them were injured.
Dr. Claude S. Williams, an expert orthopedic surgeon, testified that he examined Mrs. Paine on July 5, 1974 (the day after the accident) and found that she had sustained a strain of the “neck and lower back as well as a strain of the left shoulder (and) arm . . . with probably contusions of the areas.” Dr. Williams saw her again on July 19, 1974, at which time she was still complaining of some discomfort. A lumbo-sacral corset was prescribed. Dr. Williams characterized Mrs. Paine “as a stoic person who is not a complainer.” On cross-examination, Dr. Williams characterized Mrs. Paine’s injuries as “mild to moderate.”
The amount of the damages to be allowed for the alleged pain and suffering experienced by Mrs. Paine and of the Paine children is, of course, within the discretion of the jury. Since the record can support a finding that the children experienced no pain and suffering, we need not address that issue further. However, Mrs. Paine obviously incurred some degree of pain and suffering. The fact is unrefuted in the record and we must now address that issue:
In Robinson v. General Motors Corp., 328 So.2d 751 (La.App. 4th Cir., 1976), we dealt with a similar situation and concluded that although some award was necessary, we should not disregard the obvious discounting of plaintiff’s injury by the jury. Guided by the procedure followed in Robinson and being of the view that the award should be at the lower limit of the range for such injuries, we make a general damage award to Judy Jones Paine in the amount of $250.00.[1]
In their rule to tax costs, plaintiffs sought $144.00 and $595.56 to cover expert fees of Denson Engineers. The trial court *382 allowed a total of $150.00, which we find to be within the province of the trial court’s discretion.
Accordingly, the judgment on the verdict is amended so as to award $250.00 in favor of Judy Jones Paine and against defendants Checker Cab Co., Inc., Robert L. Paige and Protective National Insurance Co. In all other respects, the judgment is affirmed, each party to bear their own costs of this appeal.

AMENDED AND AFFIRMED.

. The basic jury award, viewed in light of the plaintiffs’ various demands, is, we believe, a noteworthy indication of their being generally unimpressed by the damages allegedly attributable to the accident.