383 So.2d 1055 (1980)
Louis ENGOLIA et al.
v.
CUMIS INSURANCE SOCIETY, INC.
No. 13144.
Court of Appeal of Louisiana, First Circuit.
February 25, 1980.
Robert J. Mack, Hammond, for plaintiffs.
*1056 Henry Leon Sarpy, New Orleans, for defendant, Cumis Ins. Soc.
Johnny S. McGary, Ponchtoula, for third party defendant, James K. Walker.
Before COVINGTON, LOTTINGER and COLE, JJ.
LOTTINGER, Judge.
This is an automobile accident case. The trial court awarded the plaintiff, Joan Engolia, $12,500.00 in general damages for pain and suffering and awarded the other plaintiff, Louis Engolia, special damages of $3,961.00. Liability is not at issue on appeal, but the defendant insurance company questions the quantum of general damages and that portion of the special damage award which was given for future medical.
The accident occurred in Ponchatoula, Louisiana, on May 30, 1977, when the vehicle in which plaintiff, Joan Engolia, was a guest passenger was struck broadside by a motorcycle. Mrs. Engolia, a dance instructor, testified that although she did not feel hurt at the time of the accident, she began feeling pain a few months after the accident and visited Dr. Charles H. Gideon, a chiropractor, for the first time on August 1, 1977.
Between August 1, 1977 and October 16, 1978, Mrs. Engolia saw Dr. Gideon at least 68 times, sometimes intermittently, sometimes frequently. Dr. Gideon diagnosed Mrs. Engolia's injuries as chronic traumatic cervical myofascitis with lumbosacral sprain secondary to right sciatic radiculitis. In laymen's terms, Mrs. Engolia had a painful neck inflammation and a lower back sprain with nerve inflammation. Various treatments were conducted, including motorized traction, electrical muscle stimulation, ultra sound treatment, hot wet pack treatment and spinal manipulation.
Dr. Gideon testified that Mrs. Engolia progressed slowly at first, but the slow recovery was possibly due to the fact that the patient began teaching her dance classes again in September, 1977. He also said he knew Mrs. Engolia was "in constant pain" and that he has not yet discharged her from treatment. The total bill for the visits to Dr. Gideon was $1,276.00 plus $135.00 in x-rays.
Mrs. Engolia testified that she quit seeing Dr. Gideon in October 1978 because she could not afford to pay for the doctor's bills, even though Dr. Gideon told her not to worry about the bills. She also testified that, up to the time of the trial, she could not sit up straight, hold her head up straight for long periods of time, and sit for too long without shoulder, back and neck pain. She also experiences numbness in her hands and feet and she still suffers headaches.
In written reasons for judgment, the trial judge determined that Mrs. Engolia's injuries were caused by the automobile accident and were of a serious nature. He also held that Mrs. Engolia has suffered and continues to suffer from her injury, although the injury was not disabling. On this basis, he awarded her general damages of $12,500.00.
The trial court's award of $3,961.00 to Louis Engolia, Mrs. Engolia's husband, included $100.00 deductible for vehicle damage, $755.00 for the chiropractor's bill, $1,106.00 for wages paid by Mrs. Engolia to workers at her dance studio and $2,000.00 for future medical.

GENERAL DAMAGES
Under the most recent pronouncement by our Supreme Court on the issue of appellate court review of trial court damage awards, we are hesitant to alter a trial court's damage assessment except in the most extreme of circumstances. Reck v. Stevens, 373 So.2d 498 (La.1979). The Reck case establishes a bifurcated process for appellate review of damage awards. An appellate court must first determine whether the trial court abused its "very great discretion" in awarding damages to a particular plaintiff under the particular circumstances of the particular case. See La.C.C. art. 1934(3). "It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered *1057 either excessive, or insufficient." (Citations omitted.) 373 So.2d at 501. If the appellate court determines initially that the trial court has abused its discretion, then and only then may the court look to prior awards to determine what an appropriate award should be in the case before it. And "prior awards may serve as an aid in this determination only where, on an articulated basis, the present award is shown to be greatly disproportionate to past awards (not selected past awards, but the mass of them) for (truly) `similar' injuries." 373 So.2d at 501.
We are hard-pressed to say exactly what all this means from a legal standpoint. We think it means that appellate courts should maintain a hands-off policy on a trial court's damage award unless the award is so excessive or inadequate that even the Supreme Court would think it so. We think it also means that past awards should play a very minor, if any, role in determining what a present plaintiff should receive in damages. But before an appellate court can even look to past damage awards, the court must first make an articulated finding that the trial court has abused its discretion.
In the case at bar, we do not think the trial judge abused his "very great discretion" in awarding Mrs. Engolia $12,500.00 in general damages, so there is no need for us to look to prior case law to determine whether the award is in line with other truly similar cases.

SPECIAL DAMAGES
The trial court's award of special damages to Louis Engolia must be amended. First, the $2,000.00 awarded for future medical must be deleted because no future medical expenses were proven. See Billedeaux v. Adams, 355 So.2d 1345 (La.App. 3rd Cir. 1978). Second, the trial court's award of $755.00 for Dr. Gideon's bill was $656.00 short of the total bill of $1,411.00, which includes $135.00 for x-rays. We will therefore amend the special damage award for doctor's fees, increasing it to $1,411.00. The total of special damages is therefore $2,617.00.
Therefore, for the above and foregoing reasons, the decision of the trial judge is amended to reduce the award to Louis Engolia to $2,617.00, and in all other respects the judgment of the trial court is affirmed. All costs of this appeal will be paid by the defendant-appellant.
AMENDED AND AFFIRMED.