CHIASSON, Judge.
This is a suit brought by Leon McQueen Lumber Company, Inc. (McQueen) for damages allegedly arising out of a breach of contract.
In May of 1973, Michael S. Baer, Jr. sold McQueen the timber he owned on certain property. This timber deed was not recorded. Thereafter, in January of 1974 Baer sold the property, on which the timber was located, to Crown Zellerbach Corporation without excepting the timber therefrom. Subsequently, Crown Zellerbach evicted McQueen from the property, thus preventing it from fully harvesting the timber.
Both vendees (McQueen and Crown Zel-lerbach) were procured by Bennett & Peters, Inc., professional foresters, whose services had been enrolled by Baer.
Suit was initiated by McQueen against Baer, Bennett & Peters, Inc. and Foremost Insurance Company, the errors and omissions carrier for Bennett & Peters, Inc. Defendant Baer filed a third party demand against Bennett and Peters, Inc. and Foremost Insurance Company.
After trial the judge who originally heard the case rendered judgment for McQueen against Baer in the amount of $96,932.32. This award represented the purchase price of the timber and damages resulting from lost profits. The demands against Bennett and Peters, Inc. were dismissed.
Thereafter, a new trial was granted by a new judge. After the second trial, judgment was rendered for McQueen against Baer for $36,769.80 with interest therefrom from date of judicial demand. This award represented the purchase price of the timber minus $9,430.20 that McQueen had paid *1201 on the loan from the portion of the timber harvested. The judgment further found Bennett & Peters and its insurer jointly liable to Baer for Baer’s liability to McQueen.
All parties seek review of the latter judgment. The following issues are presented on appeal:
1. Whether the trial judge erred in granting a new trial;
2. Whether Baer is liable to McQueen;
3. Whether Bennett & Peters, Inc. is liable to Baer and/or McQueen;
4. Whether the quantum awarded by the trial judge was proper; and
5. Whether the trial judge erred in granting interest on the award from the date of judicial demand.
As to issue number one, the granting of a new trial, we find no merit in the contention that the trial judge erred in granting a new trial. Even if it could be successfully contended that there existed no peremptory grounds for the mandatory allowance of a new trial under the provisions of La.CCP art. 1972, the trial court is given wide discretion in granting or denying the motion for a new trial. La.CCP art. 1973. Hardy v. Kidder, 292 So.2d 575 (La.1974); State Board of Education v. Anthony, 289 So.2d 279 (La.App. 1st Cir. 1973).
In his reasons for granting the new trial the trial judge was concerned about the award to plaintiff of lost profits in a case based upon warranty and the consequences of plaintiff’s failure to record its timber deed upon the damages recoverable.
We consider these to be good grounds for ordering a new trial and find no abuse of discretion by the trial judge.
As to issue number two, Baers’ liability to McQueen, Civil Code Article 2475 provides:
“The seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells.”
Civil Code Article 2476 further provides: “The warranty respecting the seller has two objects; the first is the buyer’s peaceable possession of the thing sold, and the second is the hidden defects of the thing sold or its redhibitory vices.”
It is apparent from these articles that Baer as vendor of the property sold to McQueen, owed McQueen the obligation of maintaining it in peaceable possession. Baer failed to meet this obligation when McQueen was evicted. McQueen thus acquired specific remedies against Baer as set forth in La.CC art. 2506. Therefore, Baer’s liability to McQueen cannot be successfully disputed.
As to issue number three, Bennett & Peters’ liability to Baer and/or McQueen, we conclude that Bennett & Peters should not be held liable to Baer and/or McQueen. Bennett & Peters was procured by Baer to find a buyer for ■ the timber. It is not disputed that Bennett & Peters provided these services and that when McQueen purchased the timber there were no impediments to McQueen’s ownership. It was not Bennett & Peters’ duty to record the timber deed for McQueen’s protection. Furthermore, the later salé of land to Crown Zeller-bach, without a reservation of timber rights, is not attributable to Bennett & Peters. Bennett, as a real estate agent, agreed to advertise and try to secure a purchaser for some of Baer’s properties. A total of nine tracts of land was advertised of which only three tracts were sold. The choice as to which tracts were to be sold was made by Baer. After a purchaser had been located, Baer took the papers from Bennett and turned them over to his attorney for preparation of the act of sale and the execution thereof. In the advertisement, Bennett did not mention or except therefrom any of the timber. Baer therefore collected for the timber twice, once from McQueen and once from Crown Zeller-bach. Bennett did not prepare the act of sale and cannot be charged with knowledge of the specifics thereof. Under these circumstances, Bennett & Peters did not warrant title to the timber deed and did not have any continuing duty to McQueen subsequent to McQueen’s acquisition of the timber. Nor did they breach any duty to Baer entitling Baer to indemnification on his third party demand.
*1202 Even assuming arguendo that Bennett owed some duty to Baer which he violated and would therefore make him liable, the only damages sustained by Baer was $2,022.00 which he has to pay to McQueen as damages, not the total value of the timber on the tract of land sold. Baer had no right to collect for the timber twice. As vendor, Baer knew or should have known what properties he was selling in both conveyances. It was his duty to exempt in the sale of the property the timber which he had previously sold to McQueen.
As to issue number four, the quantum awarded by the trial judge, the rights of a buyer against the seller in a case of eviction are set forth in La.CC art. 2506 which provides:
“When there is a promise of warranty, or when no stipulation was made on that subject, if the buyer be evicted, he has a right to claim against the seller:
1. The restitution of the price.
2. That of the fruits or revenues, when he is obliged to return them to the owner who evicts him.
3. All the costs occasioned, either by the suit in warranty on the part of the buyer, or by that brought by the original plaintiff.
4. The damages, when he has suffered any, besides the price that he has paid.”
We are of the opinion that the trial court did not err in awarding damages for eviction under this article rather than damages for breach of contract under La.CC art. 1934. Through oversight only, Baer failed to exempt the timber previously sold from the subsequent sale of the land. Even this would not have affected McQueen if it had recorded its timber deed. However, in an eviction action, the failure to record one’s deed may not be asserted as a defense by a vendor seeking to avoid the obligations of a seller. Voss v. Roach, 35 So.2d 142 (La.App. 2nd Cir. 1948).
We now turn to the amount which McQueen is entitled to. Though there was conflicting testimony, the trial judge accepted the figures of McQueen in determining its award. We find no manifest error in giving more credibility to this witness. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). However, we do find that the trial judge applied an incorrect formula in arriving at his award.
McQueen bought 1,458,000 board feet for $46,200.00. This averages out to be a price of $31.56 per thousand feet. Before being evicted, McQueen harvested 249,000 feet. This left 1,209,000 board feet at $31.56 per thousand unharvested. The total value of this unharvested portion equals $38,156.04. To this amount we add $2,022.00 which represents the total amount that McQueen spent for the acquisition of a right-of-way to the property. Based on these figures we find the proper award to be $40,178.04.
McQueen argues that it is entitled to damages for the profit it could have made had the eviction not occurred. It presented evidence as to its costs of harvesting the standing timber and the price it could have received for the harvested timber. By subtracting the cost from the price, it arrived at a figure of $54,332.32 for loss of profit it could have made.
This is not the type of damages to which section (4) of La.CC art. 2506 refers. We choose to follow the rule for damages under the applicable codal article as set forth in the case of Burrows v. Peirce, 6 La.Ann. 297 (1851). The only item of damages suffered by McQueen within the meaning of this article was its cost of acquiring a right-of-way in order to remove the timber and for which an allowance has already been made. Therefore, the trial court did not err in denying recovery for lost profits.
As to issue number five, Bennett & Peters and Baer contend that the trial judge erred in granting legal interest from the date of judicial demand. However, after a careful review of the jurisprudence and relevant codal article, we conclude that interest on a contract claim should commence to run from the date that the debt *1203 becomes due. La.CC art. 1938.[1] Pease v. Gatti, 18 So.2d 511 (La.1944); Wurzlow v. Placid Oil Company, 279 So.2d 749 (La.App. 1st Cir. 1973); Friede v. Myles Salt Co., 177 So.2d 105 (La.App.Orleans, 1937). The allowance therefore of interest from date of judicial demand (as prayed for by McQueen), being a shorter period than would be an award of interest from the date that the debt became due (the date of eviction), cannot be complained of by the debtors.
For these reasons the judgment of the trial court in favor of McQueen as against Baer is amended to the sum of $40,178.04, and as thus amended, is affirmed in all other respects. The judgment in favor of Michael S. Baer, Jr. against Bennett & Peters, Inc. and Foremost Insurance Company is reversed and judgment is rendered herein in favor of Bennett & Peters, Inc. and Foremost Insurance Company dismissing the third party demand against them.
All costs are assessed against Michael S. Baer, Jr.
AMENDED IN PART AND AFFIRMED; REVERSED IN PART AND RENDERED.

. La.CC art. 1938 provides:
“All debts shall bear interest at the rate of seven per centum per annum from the time they become due, unless otherwise stipulated.”