402 So.2d 219 (1981)
Angelina AUTIN, et al.
v.
ALLSTATE INSURANCE COMPANY.
No. 14269.
Court of Appeal of Louisiana, First Circuit.
June 29, 1981.
Velma O'Neal and Robert J. Mack, Hammond, for plaintiffs-appellants.
Joseph Keogh, Baton Rouge, for defendant.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Plaintiffs appealed from the judgment awarding damages for injuries sustained in an automobile collision.
The sole issues are quantum and the alleged failure to award expenses to the husband.
We affirm.
Mrs. Angelina Autin was the driver of the car. Her daughter, Mrs. Margaret Costa, and the latter's daughter were guest passengers. Mrs. Autin sued for her damages. Joseph Autin, her husband, sought reimbursement of expenses. Mrs. Costa sought damages and expenses for herself and her daughter. Defendant, Allstate Insurance Company, was the insurer of the offending vehicle.
In the afternoon, hours after the accident, Mrs. Autin, Mrs. Costa, and Margaret sought medical treatment at the Seventh Ward Hospital Emergency Room, but were refused admission to the hospital and referred to their family physician. The family physician was out of town, and Dr. Daley examined them.
Mrs. Costa and Mrs. Autin testified that Dr. Daley, who did not testify, said that the plaintiffs were "all shooken up" and prescribed muscle relaxants for the two adults. There was no indication of any treatment for injuries to the child.
The next day, plaintiffs consulted Dr. Alexander Feder, who diagnosed Mrs. Autin as suffering from an acute sprain of the cervical neck and a sprain of the lumbosacral back. Mrs. Costa was diagnosed as having incurred a mild cervical sprain and an acute lumbosacral sprain. Muscle relaxants *220 and tranquilizers and a treatment of physiotherapy and ultra-sound were prescribed. Dr. Feder found no objective signs of injury in the child and discharged her on the second visit, stating that he "didn't feel justified in treating the child."
Mrs. Autin and Mrs. Costa were finally discharged without any permanent damage or residual effects.
The trial jury returned a verdict in favor of both Mrs. Autin and Mrs. Costa, each in the sum of "$1,000.00 plus doctor expenses and out of pocket expenses." There was a finding of no injury and no award was made with respect to the child. No award was made to Mr. Joseph Autin for his medical expenses.
Plaintiffs sought a new trial, complaining of: (1) the amount of the general damage awards to Mrs. Autin and Mrs. Costa; (2) the failure of the jury to award any damages to the child; and (3) the absence of any award to Mr. Autin for medical expenses incurred by him.
In Reck v. Stevens, 373 So.2d 498 (La. 1979), the Supreme Court stated:
"[T]he initial inquiry must always be directed at whether the trier court's award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact's `much discretion,' La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), or insufficient, Olds. v. Ashley, 250 La. 935, 200 So.2d 1 (1967)." [Footnote omitted.]
The evidence indicates slight injury, some stiffness, and some pain in both Mrs. Autin and Mrs. Costa. We believe, considering Dr. Feder's testimony and the lack of other evidence substantiating severe injury, that the jury's finding was reasonable. Hence, we do not reach a review of awards in other cases. There was no abuse of discretion on this point. Reck v. Stevens, supra; Paine v. Checker Cab Co., Inc., 343 So.2d 380 (La.App. 4th Cir. 1977); Engolia v. Cumis Ins. Co., Inc., 383 So.2d 1055 (La. App. 1st Cir. 1980).
The same reasoning applies to the absence of an award for the child. The doctor's testimony that he found no injury and discharged the child saying he did not feel "justified in treating the child" formed a sufficient basis for the jury's finding of no injury.
The appellant's assignment of error that no award was made to Mr. Autin for losses to the community is unavailing. The court on September 15, 1980, clarified the jury's award by allocating $1,000.00 to Mrs. Autin and $810.99 to Mr. Autin. The appellant's assertion that the jury's omission of an award to Mr. Autin showed it did not understand its duties is also without merit. The jury clearly indicated that it intended the losses be paid. The court has corrected the inappropriate method of making the award.
For the above and foregoing reasons, we find that the trial judge did not abuse his discretion in refusing to grant a new trial. Hardy v. Kidder, 292 So.2d 575 (La.1974); Leon McQueen Lbr. Co., Inc. v. Baer, 391 So.2d 1198 (La.App. 1st Cir. 1980).
Therefore, for the reasons hereinabove set forth, we affirm the judgment. Plaintiffs are to pay all costs of this appeal.
AFFIRMED.