413 So.2d 585 (1982)
William F. TUCKER
v.
Dr. Randolph M. HOWES.
No. 14648.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
*586 Curtis M. Baham, Jr., Hammond, for plaintiff.
James E. Kuhn, Denham Springs, for defendant.
Before ELLIS, PONDER and SAVOIE, JJ.
SAVOIE, Judge.
On December 16, 1980, William Frank Tucker (Plaintiff) filed this action, seeking recovery of damages allegedly sustained as a result of an intentional battery committed upon him by Randolph M. Howes (Defendant). No answer to plaintiff's petition was filed by defendant, nor did he make any appearance in these proceedings. A preliminary default was entered against defendant on March 9, 1981. Confirmation of this default occurred on March 12, 1981. After being taken under advisement by the trial judge, judgment in favor of plaintiff in the amount of $2,000.00 was rendered and signed on this date.
Defendant has timely perfected a suspensive appeal to this court from the said judgment.
Plaintiff testified that, while at work at a Hammond Pizza Inn on August 10, 1980, he was summoned from a back room by a message that defendant wished to speak to him. He stated that when he walked up front, he was immediately grabbed by defendant and thrown against the pizza ovens. He testified that his calls for help were ignored by people standing around, watching. Defendant held him in this position, with his hands at his throat and screaming at him, until he managed to escape and flee the premises. He stated that he ran to the home of his boss, who lived several blocks away, and told him what had happened. They then returned to the Pizza Inn together, but plaintiff refused to go inside because he was frightened of defendant. He testified that he had not provoked defendant, who began his attack immediately upon seeing him. Plaintiff was seventeen years old at the time of this incident. As a result of this incident, plaintiff sought medical attention from Dr. Lensgraf, a chiropractor. *587 He received treatment in the back and neck area. He visited this chiropractor on approximately six occasions, the last time being on November 11, 1980. He testified that at the time of trial he continued to experience pain in his lower back. He also testified that he has experienced trouble in sleeping, and nightmares since this incident.
Plaintiff missed approximately seven days of work as a result of this battery. At the time he was working approximately seven hours a day, at a rate of $3.75 per hour.
Pascal Aines, a friend and co-employee of plaintiff at the time, testified on behalf of plaintiff. He stated that he was working at the Pizza Inn on the night in question and was present during the battery. He testified that he saw defendant push plaintiff against the ovens and hold him there until he finally escaped.
Pat Tucker, plaintiff's mother, testified that she paid Dr. Lensgraf for six visits by plaintiff, at $15.00 per visit. She testified that her son has made continuous complaints of pain to her with regard to his injuries. She also stated that plaintiff missed work following this incident, because he was afraid to go back to work.
This matter comes before the Court on three Assignments of Error:
1. The Court erred in allowing the confirmation of a Judgment when an examination of the record reflects that there was lack of proper citation on the defendant in the proceedings.
2. The Court erred in rendering a Judgment in favor of the plaintiff when there is inadequate and inadmissable testimony and evidence in the record in the plaintiff's attempt to prove a prima facie case in a default judgment.
3. The Court erred in granting a Judgment in the amount eventually rendered against the plaintiff as the record is totally lacking in admissible and competent testimony justifying the judgment ultimately rendered.
ASSIGNMENT OF ERROR NO. 1
Defendant alleges that the service made upon him was improper because it was made by a deputy marshall. Although he seems to raise it as a possibility, defendant does not expressly deny that this service, which the return indicates was personal, was made upon him. Rather, he argues that service was improper because it was made by a deputy marshall, an official whom the Code of Civil Procedure does not expressly authorize to make service, and because the record contains no indication that this particular deputy marshall was authorized to effect service in accordance with C.C.P. 1293.
An attack upon the correctness of the return could not properly be raised by defendant in this appeal. If made after judgment, an attack on a return itself may be made only in a direct action to annul the judgment. L.S.A.-R.S. 13:3471(5). Defendant filed no such action and, therefore, cannot now raise the issue of the correctness of the return.
ASSIGNMENT OF ERROR NO. 2
Confirmation of a default judgment must be made by admissible and credible evidence sufficient to prove each element of plaintiff's claim as though each allegation had been specifically denied by defendant. L.S.A.-C.C.P. 1702; Cowell v. Dairyland Insurance Company, 399 So.2d 701 (La.App. 1st Cir. 1981); Holland v. Aetna Life & Casualty Insurance Company, 385 So.2d 316 (La.App. 1st Cir. 1980). A plaintiff sustaining this burden of proof has made out a prima facie case as required by C.C.P. 1702.
Defendant alleges that plaintiff has not met this burden since hearsay evidence is insufficient to make out a prima facie case. Defendant is apparently referring in large part to the introduction into evidence of the following documents: 1) a copy of the minutes of Hammond City Court, establishing that defendant pled nolo contendere to a charge of simple battery arising out of the incident occurring on August 10, 1980, and 2) a handwritten note from Dr. Lensgraf stating that he had treated plaintiff on *588 six visits for a pinched nerve. Defendant's contention that hearsay evidence is insufficient to make out a prima facie case is, of course, correct. Jones v. Ledet, 383 So.2d 1308 (La.App. 3rd Cir. 1980); Blackwell v. Daigle, 317 So.2d 18 (La.App. 3rd Cir.), writ denied, 320 So.2d 563 (La.1975). However, the record, as a whole, indicates that although it does contain this admittedly hearsay evidence, it also contains sufficient admissible, competent evidence to make out a prima facie case against defendant. The testimony of plaintiff, as corroborated by that of Pascal Aines, establishes that a battery was, in fact, committed upon plaintiff by defendant, who physically grabbed and pushed him. It also indicates that this battery was intentional and without provocation.
The credibility of this testimony was a matter for the determination of the trial judge who, in view of the judgment rendered by him, apparently found it to be credible. His determination in this respect should, therefore, not be overturned in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Rahm v. Exxon Corporation, 399 So.2d 676 (La.App. 1st Cir. 1981). The record reveals no such error in the present case.
Having established an intentional battery, plaintiff was then required to prove resulting injury.
Even without consideration of this "medical note", however, there is ample evidence in the record indicating that an injury occurred. Plaintiff testified as to the pain which he experienced, as well as the fact that he made six visits to Dr. Lensgraf. Plaintiff's mother also testified that he had made numerous complaints of pain to her. Although the testimony of both plaintiff and his mother could perhaps be considered biased, this is a matter which went to its credibility. The trial judge in the instant case obviously accepted this testimony, and as indicated above, such a determination should not be overturned in the absence of manifest error. Canter v. Koehring Company, supra; Rahm v. Exxon Corporation, supra.
ASSIGNMENT OF ERROR NO. 3
The trier of fact is afforded broad discretion in making an award of general damages. La.C.C. Art. 1934, subd. 3. Only when the record reveals a clear abuse of this discretion is an appellate court justified in disturbing a trial court award. Perniciaro v. Brinch, 384 So.2d 392 (La.1980); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); and Autin v. Allstate Insurance Company, 402 So.2d 219 (La.App. 1st Cir. 1981).
In Reck v. Stevens, 373 So.2d 498 (La. 1979), the Louisiana Supreme Court set out the standard to be followed by Appellate Courts in reviewing trial court damage awards. The court said, at page 501:
"Thus, the initial inquiry must always be directed at whether the trier court's award for the particular injuries and their effects upon this particular injured person is a clear abuse of the trier of fact's `much discretion', La.Civ.C. Art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967). Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco for purposes of then determining what would be an appropriate award for the present case."
The facts in the present case indicate support for an award to plaintiff or damages for physical pain and suffering. Plaintiff's testimony indicated that the pain he experienced in his back warranted his making six visits to Dr. Lensgraf. He also testified that he continued to experience pain in his back at the time of the trial.
Additionally, it is well established that a plaintiff is entitled to recover damages for *589 embarrassment, humiliation, indignity and fright experienced as a result of a battery. Kemp v. Allstate Insurance Company, 247 So.2d 142 (La.App. 1st Cir. 1971); Taylor v. City of Baton Rouge, 233 So.2d 325 (La. App. 1st Cir. 1970), writ refused 256 La. 255, 236 So.2d 32 (1970). The incident in question occurred in front of a number of people, including at least one of plaintiff's co-employees. Undoubtedly, this was very embarrassing to him. Plaintiff's testimony indicated that he was, in fact, very frightened by this incident and refused to go back into the Pizza Inn on that night. In Earle v. Wilhite, 299 So.2d 393 (La.App. 2nd Cir. 1974) and Johnson v. Horace Mann Mutual Insurance Company, 241 So.2d 588 (La.App. 2nd Cir. 1970), each plaintiff was awarded $1,000.00 damages for batteries which, while producing only very slight physical injuries, were very humiliating and embarrassing to them. A reading of the record in the present case fails to show that a clear abuse of discretion has occurred. In fact, the facts and circumstances present in this case indicate that the award made was well within the trial court's broad range of discretion.
Appellant is to pay all costs.
AFFIRMED.