BARRY, Judge.
Mr. and Mrs. Thomas Fields sued via ordinaria on a mortgage secured by property they sold to Mr. and Mrs. Jack Ether-idge. The Fields’ petition and affidavit of correctness incorrectly recited the mortgage recordation.
The sheriffs return certified the inability to make service, so a special process server was appointed by the court who served Jack Etheridge and Anne Kane Etheridge with the petition and citation on June 4, 1984 and June 7, 1984 respectively. Mr. and Mrs. Etheridge requested an extension of time but did not file an answer.
A preliminary default was entered February 6, 1985. The affidavits of correctness and non-military service along with the certification, La.C.C.P. Art. 1702.1, were filed and the default confirmed on May 6, 1985.
The judgment included the wrong mortgage recordation and did not describe the property. The Fields now ask that the judgment be amended to show the correct recordation at MOB 2431, Folio 486 under Notarial Archives Number 515311 and to particularly describe the property. By brief Mr. and Mrs. Etheridge contend the default judgment is null because the record contains no citation.
Although the Etheridges did not appeal or answer the appeal, the lack of citation and service when the defendant made no general appearance can be raised at any time since the judgment is absolutely null. La.C.C.P. Arts. 1201 and 2002; Succession of Griffith, 415 So.2d 670 (La. App. 4th Cir.1982). They do not argue lack of service or notice since they filed for a thirty day extension to answer. Such a request does not constitute a general appearance. C.C.P. Art. 7(2).
Service of process by a private person must be proved like any other fact. La.C.C.P. Art. 1293. An attack upon the correctness of the return or the authorization of the person effecting the service should be made in a direct action to annul the judgment, not on appeal. La.R.S. 13:3471(5); Tucker v. Howes, 413 So.2d 585 (La.App. 1st Cir.1982). The record contains the sworn affidavit of the special process server which declares that personal service was made on Mr. and Mrs. Etheridge “by delivering a copy of the petition filed herein and citation....” Our only conclusion is that both Etheridges were properly served and cited.
All final judgments which affect title to immovable property shall describe the property affected with particularity. La.C.C.P. Arts. 1919 and 2089. The failure to describe the property would in no way nullify or affect the judgment rendered. See Brasseaux v. Reaux, 394 So.2d 688 (La.App. 3rd Cir.1981); Tracy v. Dufrene, 146 So.2d 678 (La.App. 4th Cir.1962).
Where the particularized description has been lacking, appellate courts have amended judgments to include such description. Texas Eastern Transmission Corporation v. Arceneaux, 265 So.2d 796 (La.App. 3rd Cir.1972), writ refused 263 La. 111, 267 So.2d 213 (1972); Elrod v. Le Ny, 193 So.2d 299 (La.App. 4th Cir.1966); Succession of Caldwell, 147 So.2d 448 (La. App. 2d Cir.1962).
LeBleu v. McGuire, 189 So.2d 319 (La. App. 3rd Cir.1966), is relevant. There the petition for foreclosure on a mortgage prayed for a money judgment as well as recognition of the mortgage on immovable property particularly described in the petition. A default judgment was confirmed, but the judgment neither recognized the mortgage nor described the property pursuant to La.C.C.P. Art. 1919. The appellate court amended the judgment to particularly describe the immovable property and to recognize the lien with recordation of the mortgage.
The Fields particularly described the property in their petition which included the wrong mortgage recordation. The credit sale attached to the petition included the correct notarial archives number and *553 mortgage recordation. Under these circumstances Mr. and Mrs. Fields are entitled to the relief sought.
We amend the judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the default herein entered on the 6th day of February, 1986 be now confirmed and made final and, accordingly, let there be judgment herein in favor of the plaintiff, Ethel Jones, wife of/and Thomas B. Fields for the full and true sum of Forty three thousand and 00/ioo dollars ($43,000.00), together with nine percent (9%) per annum interest from August 19, 1983 on the outstanding indebtedness until paid, plus attorney’s fees of twenty-five percent (25%) of the outstanding principal and interest due and for all costs and recognizing the mortgage securing the said indebtedness which is recorded at MOB 2431, Folio 486 under N.A. 515311 of the Orleans Parish records covering the' following described property:
THREE CERTAIN LOTS OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the THIRD DISTRICT of the City of New Orleans, State of Louisiana in SQUARE NO. 1482, bounded by LAW, FELICIANA, and MONTEGUT STREETS and LAUSET PLACE, designated as LOTS NUMBERS 10, 11 and 12 and according to a survey by Gilbert and Kelly, Surveyors, dated April 13, 1948, revised and redated October 17, 1952 and August 31,1954, a copy being annexed to an act before John H. Hammel, Jr., N.P., dated October 5, 1954 and according to which said lots adjoin and measure as follows:
LOTS NUMBERS 11 and 12 measure each 30 feet front on Law Street, a similar width in the rear by a depth of 107 feet, 6 inches between equal and parallel lines; LOT NUMBER 10 forms the corner of Law and Feliciana Streets, and measures 24 feet, 11 inches, 1 line front on Law Street, the same in width in the rear, by a depth of 107 feet, 6 inches between equal and parallel lines.
The improvements thereon .bear the Municipal Nos. 3025-27-29-31 Law Street and is the same property acquired from Mr. Henry Fisher, by act before Beryl E. Wolfson, N.P., dated October 9, 1959 and further being the same property acquired by Anne Kane, wife of/and Jack I. Eth-eridge from Ethel Jones, wife of/and Thomas Fields on the 19th of August, 1983 by Act before Charles F. Barbera, Notary Public and registered under N.A. 515311 in the Parish of Orleans.
AMENDED AND AFFIRMED.
SCHOTT, J., concurs.